**In re Robert T. FRAGA, Debtor.**

**CONSUMER SEVEN CORPORATION; James H. Coffer, Appellants,**

v.

**UNITED STATES TRUSTEE, Appellee.**

**BAP Nos. NC–95–2335–RMeRy and NC–96–1120–RMeRy. Bankruptcy No. 95–44122 NS.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted May 23, 1997.

Decided July 20, 1997.

James H. Coffer, Concord, CA, for Consumer Seven Corp.

Mark L. Pope, Office of U.S. Trustee, Oakland, CA, for U.S. Trustee.

Before: RUSSELL, MEYERS and RYAN, Bankruptcy Judges.

*OPINION*

RUSSELL, Bankruptcy Judge.

The bankruptcy court entered a series of orders which determined that both an attorney and his wholly owned corporation were bankruptcy petition preparers within the meaning of § 110(a),[1] ordered disgorgement of fees pursuant to § 329(a), and imposed a fine against the corporation and the attorney, jointly and severally, for violations of §§ 110(b)(1) and (c)(1). The corporation and the attorney appeal. We AFFIRM in part and REVERSE in part.

## I. FACTS

A chapter 7 petition, schedules, statement of affairs, and statement of intentions were filed on behalf of the debtor on June 21, 1995. The petition was filed *in propria persona* with no designation of attorney or law firm. Statement no. 9 of the debtor's statement of affairs, entitled "Payments Related to Debt Counseling of Bankruptcy," listed appellant Consumer Seven Corporation ("Corporation") as the recipient of payments totalling $440 for debt counseling services. That amount included a $175 filing fee. No Rule 2016(b) statement was filed.

At all times, the Corporation was and is a closed corporation incorporated under the

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

laws of the State of California. The Corporation was and is wholly owned, directed and operated by James H. Coffer, an attorney licensed by the State Bar of California and authorized to practice in the United States District Court for the Northern District of California. Coffer is the sole officer and director of the Corporation. All work related to the petition, schedules, and statement of affairs was done by or under Coffer's direct supervision.

The bankruptcy court issued an order to show cause which directed the Corporation to appear on November 22, 1995 regarding its alleged violations of § 110. No appearance was made by or on behalf of the Corporation at that hearing. The bankruptcy court issued an order on December 4, 1995 (the "December 4 order")[2] which allowed the Corporation until December 13, 1995 to disgorge $440 in fees to the debtor and present evidence of having done so.

The December 4 order fined the Corporation $1,000 for failing to sign its name on the debtor's bankruptcy petition as required by § 110(b)(1) and failing to disclose the social security number of the petition preparer working under its direction as required by § 110(c)(1). The December 4 order required the Corporation to appear on December 13, 1995 and show cause why it should not be held in contempt for its failure to appear at the November 22 hearing. The Corporation filed a motion on December 13, 1995 for reconsideration of the December 4 order on the ground of lack of notice. This motion was denied by an order entered by the bankruptcy court on December 22, 1995.

Coffer appeared at the show cause hearing on December 13, 1995 on behalf of the Corporation. At the conclusion of the hearing, the bankruptcy court stated on the record that Coffer was a bankruptcy petition preparer even though he did not fall strictly within the statutory definition because, by his own admission on the record, he acted for all intents and purposes as a bankruptcy petition preparer through the corporation as its only officer, director, and employee. The bankruptcy court directed Coffer to disgorge the $440 in fees because he did not file a Rule 2016(b) statement and fined him and the Corporation, jointly and severally, $1,000 for failing to comply with §§ 110(b)(1) and (c)(1). Later that day, the bankruptcy court issued an order (the "December 13 order") which specified the amount of the fine and the grounds upon which it was based, and allowed Coffer until December 20, 1995 to disgorge the fees and pay the fine.

On December 20, 1995, Coffer and the Corporation (hereinafter, collectively "Coffer") filed a premature notice of appeal with the Bankruptcy Appellate Panel ("BAP") from the December 4 and December 13 orders prior to resolution of the pending motion for reconsideration. Under Rule 8002(b)(4), the notice of appeal became effective with entry on December 22, 1995 of the bankruptcy court order which resolved the motion for reconsideration. Coffer also filed a motion with the bankruptcy court for a stay pending appeal.

The bankruptcy court denied Coffer's motion for a stay pending appeal on January 23, 1996. On the same day, it issued an order (the "January 23 order") which directed Coffer to appear on March 13, 1996 to show cause why he should not be held in civil contempt for failure to comply with the bankruptcy court's December 13 and December 21 orders.

The January 23 order notified Coffer that the court would also consider at the March 13 show cause hearing whether: (1) he should be enjoined, both as an attorney and as a bankruptcy petition preparer doing business as the Corporation, from preparing bankruptcy documents or providing assistance of any kind in bankruptcy matters; (2) the court should recommend to the United States District Court that he be disbarred from practicing in the Northern District of California; and (3) the chapter 13 trustees in the Northern District of California should be directed to forward to the bankruptcy court

---

**2.** The order was entered on the bankruptcy court's docket on December 5, 1995 but is referred to in the record on appeal as the December 4 order. For purposes of consistency with the references in the record, the numerous orders of the bankruptcy court are discussed in this opinion by the date of issuance rather than the date of entry on the docket.

all fees due him in all pending chapter 13 cases until sufficient funds were collected to refund the debtor's fees and pay the $1,000 fine in this case.

Coffer filed a notice of appeal with the BAP from the January 23 order. (The BAP designated this second appeal as BAP No. NC–96–1120. It subsequently granted Coffer's motion to consolidate the cases for purposes of appeal, including briefing and oral argument, and ordered all pleadings to be filed under the lower-numbered appeal, BAP No. NC–95–2335.) Coffer also filed an emergency motion for a stay pending appeal, which the BAP denied.

Following the March 13 show cause hearing, the bankruptcy court entered an order (the "March 28 order") which found that Coffer had failed to pay the previously ordered fines, directed the standing chapter 13 trustee to withhold fees for his work in chapter 13 cases until the $1,440 in fees and sanctions in this case was collected, and prohibited him, either as an attorney or as the Corporation, from filing any more bankruptcy petitions in the Northern District of California. The bankruptcy court subsequently entered three additional orders in an effort to enforce its December 4 and December 13 orders.

Of the numerous orders issued by the bankruptcy court in this matter, Coffer and the Corporation appeal the following: the December 4, 1995 and December 13, 1995 orders which imposed sanctions against them for alleged violations of § 110(b)(1) and (c)(1), and the January 23, 1996 order to show cause regarding Coffer's failure to comply with two of the previous orders.[3]

## II. ISSUES

A. Whether the bankruptcy court erred in finding Consumer Seven Corporation a "bankruptcy petition preparer" within the meaning of § 110(a), imposing sanctions against it for violations of §§ 110(b)(1) and (c)(1), and ordering disgorgement of fees.

B. Whether the bankruptcy court erred in finding attorney James H. Coffer a "bankruptcy petition preparer" within the meaning of § 110(a), imposing sanctions against him for violations of §§ 110(b)(1) and (c)(1), and ordering disgorgement of fees for a violation of Rule 2016(b).

## III. STANDARD OF REVIEW

 The standard of review for violations of § 110 is abuse of discretion as to fact finding and *de novo* as to conclusions of law. *Interpreting 11 U.S.C. § 110 Which Governs Conduct of Non–Lawyer Bankruptcy Petition Preparers and Delineating the Relationship, Powers and Functions of the Bankruptcy Court and the District Court Under the Statute*, 198 B.R. 604, 610 (C.D.Cal.1996). In general, a bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed *de novo*. *In re Park–Helena Corp.*, 63 F.3d 877, 880 (9th Cir.1995), *cert. denied sub nom.* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996). A bankruptcy court's orders regarding fees are reviewed for an abuse of discretion. *In re Crayton*, 192 B.R. 970, 975 (9th Cir.BAP 1996). Similarly, a bankruptcy court's orders imposing sanctions are reviewed under an abuse of discretion standard. *In re California Fidelity, Inc.*, 198 B.R. 567, 571 (9th Cir.BAP 1996); *In re White*, 186 B.R. 700, 703 (9th Cir.BAP 1995).

## IV. DISCUSSION

A. *Whether The Bankruptcy Court Erred In Finding Consumer Seven Corporation A Bankruptcy Petition Preparer Within The Meaning Of § 110(a). Imposing Sanctions Against It For Violations Of §§ 110(b)(1) And (c)(1). And Ordering Disgorgement Of Fees*

1. *The Corporation's characterization as a "bankruptcy petition preparer"*

 The October 1994 amendments to the Code[4] added § 110 in order to regulate

---

**3.** Specifically, the December 13, 1995 order which required Coffer to disgorge the $440 in attorneys' fees and pay the $1,000 fine, and the December 21, 1995 order which denied Coffer's

motion for reconsideration of the two orders concerning the Corporation.

**4.** *Bankruptcy Reform Act of 1994*, Pub.L. No. 103–394, § 110, 108 Stat. 4106, 4150 (1994).

abuses by non-lawyer bankruptcy document preparers. *Interpreting 11 U.S.C. § 110*, 198 B.R. at 606–07; *In re Murray*, 194 B.R. 651, 657 (Bankr.D.Ariz.1996). A "bankruptcy petition preparer" is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; . . . ." § 110(a)(1). The Code defines "person" to include individuals, partnerships, and corporations. § 101(41). A "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." § 110(a)(2).

Coffer has conceded that the debtor's petition, schedules, statement of affairs, and statement of intentions were prepared by the Corporation. He acknowledged its incorporation under the laws of the State of California as a closed corporation. He has explained that the Corporation was formed for the purpose of preparing bankruptcy petitions and related documents in simple chapter 7 cases for people who lack sufficient funds for an attorney and would otherwise file the petitions *in propria persona.*

Coffer contends on appeal, however, that the Corporation is specifically excepted from the definition of a "bankruptcy petition preparer" because it is solely owned by a licensed attorney and was operated at all times under his direct supervision and control as the attorney/owner. He argues that professional corporations are excepted from the definition of "bankruptcy petition preparer."

Coffer specifically argues as follows: the provisions of the 1994 amendments to the Code were intended to bar all individuals other than attorneys or their employees from compensation for bankruptcy services. Upon passage of the amendments, he immediately began efforts to change the status of the Corporation from a closed corporation to a professional corporation, and made all reasonable efforts to do so prior to the filing of the petition in this case. The change in corporate status did not occur prior to the filing of this case because of delays by the State Bar of California and the California Secretary of State in processing the paper-

work. If the Corporation had been a professional corporation at the time this case was filed, as he had intended, it would not have fallen within the definition of a "bankruptcy petition preparer." The fact the Corporation was not yet a professional corporation was due to no fault of his own and the Corporation should not be penalized for matters outside its control.

Finally, Coffer asserts that § 110 was written for natural persons as opposed to legal entities such as corporations.

■ These arguments misconstrue the statute. Section 110(a) contains no exception for a corporation based upon the profession of its owner. Section 101(41), which defines "person" to include corporations, does not distinguish between types of corporations. Section 110(a) does not differentiate between natural persons and other types of legal entities. The bankruptcy court correctly characterized the Corporation as a "bankruptcy petition preparer" based on the plain language of the statute and the uncontested evidence before it regarding the legal status and business purpose of the Corporation.

### 2. *The Corporation's violations of § 110*

■ Section 110 imposes numerous restrictions on the activities of bankruptcy petition preparers and authorizes the imposition of sanctions for specific violations of the statute. Section 110(b) provides:

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

Section 110(c) provides:

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

(2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

The bankruptcy court found that the Corporation failed to sign its name on the petition and disclose the social security number of the petition preparer working under its direction, and imposed a $500 fine for each violation. Coffer concedes that the documents filed in this case contained no designation of the identity of the Corporation or its employees. He fails to offer any evidence that these failures were due to any cause, let alone reasonable cause. The bankruptcy court's imposition of a $1,000 fine against the Corporation for violations of §§ 110(b)(1) and (c)(1) was appropriate.

■ The bankruptcy court's order that the Corporation disgorge the fees received from the debtor was also appropriate. Section 110(h) provides:

(h) (1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

(2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared....

. . . .

(4) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

Statement no. 9 of the debtor's statement of affairs listed the Corporation as the recipient of payments from the debtor related to debt counseling. However, the record is devoid of any evidence that the Corporation filed the required declaration concerning the fees it received from the debtor, within 10 days or at all. The bankruptcy court properly disallowed the fees which the Corporation received from the debtor. Had the bankruptcy court chosen to fine the Corporation an additional $500 for its violation of § 110(h)(1), that decision would have been appropriate as well.

The record reflects that the bankruptcy court did not address the violation by the Corporation of § 110(g)(1),[5] which prohibits a bankruptcy petition preparer from collecting or receiving any payment from a debtor for the court fees in connection with filing the petition. Section 110(g)(2)[6] mandates a fine of not more than $500 for each violation. Coffer acknowledges that the Corporation collected the $175 filing fee as part of the total fees it received. The bankruptcy court could have fined the Corporation an additional $500 for its violation of § 110(g)(1), had it been so inclined.

B. *Whether The Bankruptcy Court Erred In Finding Attorney James H. Coffer A Bankruptcy Petition Preparer Within The Meaning Of § 110(a). Imposing Sanctions Against Him For Violations Of §§ 110(b)(1) And (c)(1). And Ordering Disgorgement Of Fees For A Violation Of Rule 2016(b)*

1. *Coffer's characterization as a "bankruptcy petition preparer"*

■ Section 110 was enacted to protect consumers from abuses by non-lawyer peti-

---

5. Section 110(g)(1) provides:

**§ 110. Penalty for persons who negligently or fraudulently prepare bankruptcy petitions**
 (g)(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

6. Section 110(g)(2) provides:

**§ 110. Penalty for persons who negligently or fraudulently prepare bankruptcy petitions**
 . . . .
 (2) A bankruptcy petition preparer shall be fined not more than $500 for each violation of paragraph (1).

tion preparers. *See generally In re Murray,* 194 B.R. 651 (Bankr.D.Ariz.1996); *In re Gavin,* 181 B.R. 814 (Bankr.E.D.Pa.1995). The statute has been aptly described by one bankruptcy court as "a consumer protection measure unrelated to the practice of law." *In re Green,* 197 B.R. 878, 879 (Bankr.D.Ariz. 1996). Attorneys are specifically excluded from the definition of "bankruptcy petition preparer" ("a person, *other than an attorney* .... "). § 110(a) (emphasis added). The Code and Rules contain ample provisions to protect consumers from abuses by lawyers. *See, e.g.,* § 329 and Rule 2016(b), and the discussion in Section B.2. below.

The bankruptcy court, however, found Coffer to be a bankruptcy petition preparer on the theory that he had acted as such for all intents and purposes through the Corporation as its only officer, director, and employee. It is obvious from the record that Coffer attempted to avoid the disclosure requirements of the Code and Rules by simultaneously acting in separate, conflicting capacities. By way of example, Coffer argued the following two inconsistent positions at the December 13, 1995 show cause hearing: (1) neither he nor the Corporation filed the disclosures required of bankruptcy petition preparers by § 110(a) because he was an attorney and was not required to do so; and (2) he did not file a Rule 2016(b) statement disclosing attorney compensation because the debtor was *in propria persona* and he was not the debtor's attorney of record. The following excerpt from the transcript of the December 13 show cause hearing (at pages 3–11) illustrates the glaring inconsistency of his arguments and accurately conveys the flavor of his conduct throughout the case:

MR. COFFER: [T]o give you some background, Consumer 7 is a fully owned corporation by myself.

....

[It] was formed to help people that would otherwise file pro per petitions without representation, who lack sufficient funds to pay for an attorney, and Mr. Fraga is one of those individuals.

THE COURT: Have you—have you considered the ethical ramifications of a lawyer setting up a paralegal service and then not making appearances on behalf of the people that the paralegal service takes on as clients?

MR. COFFER: It's an area of problem, no question about it, but there's a good number of people that file pro per petitions.

THE COURT: There's no question about that, Mr. Coffer. The question is, are you subjecting yourself to ethical and perhaps even malpractice violations when you, number one, in the guise of a corporation, assist people in filing bankruptcy petitions and then do not appear on their behalf at the first meeting of creditors and do not appear in any of the proceedings thereafter?

MR. COFFER: That is—obviously it's a problem area for the debtor and the attorney, or whoever is preparing the petition.

THE COURT: It most certainly is. Why would you have such a corporation under those circumstances?

MR. COFFER: Well, I suppose for one reason, that I think that it can conduct business effectively. I mean, there is a risk element, but it's not quite the same as giving legal advice.

THE COURT: It isn't?

MR. COFFER: Well, not in the same sense of, you know, call us up and we'll tell you what to do. I mean, basically, it's designed to file a petition in proper form.

THE COURT: If you want to be a paralegal, why don't you just turn in your Bar license.

MR. COFFER: I don't want to be a paralegal. And I—

THE COURT: Then why would you set up a corporation that provides almost zero services to people that doesn't—all it does is fill out the schedules, and not only that, but you've charged him $440 to do so. You haven't filed a 2016(b) statement; you haven't filed anything to indicate that you're a bankruptcy petition preparer. Did you think that you were exempt from those requirements because you suddenly set up this corporation and now the corporation's preparing the petition?

MR. COFFER: With respect to the 2016(b), we have filed as a law office pro per petitions where the client does not wish to pay for or have any further representation, other than filing, and the court does not require 2016(b), at least in the Northern District.

THE COURT: Wait a minute.

MR. COFFER: We checked with the—

THE COURT: Wait just a second. Who doesn't require 2016(b) under what circumstances?

MR. COFFER: When we file—when we prepare the papers in an in pro per basis for a debtor. In other words, we're not attorney of record.

THE COURT: When you prepare the papers on an in pro per basis, you are still preparing the papers.

MR. COFFER: That's true.

THE COURT: And are you familiar with the holdings—I think it's, if I'm not mistaken, *In re Glad* out of the Ninth Circuit Bankruptcy Appellate panel that says that even bankruptcy petition preparers, non-lawyers, have to file a 2016(b) statement?

MR. COFFER: I'm not.

THE COURT: Well, I should think that you would have taken a look at that before you made the decision that nobody in the Northern District of California requires that, because so far as I know, you're not correct about that.

. . . .

MR. COFFER: Well, all right. I mean, I take—that's well taken, and I'd be more than happy to file a 2016(b) in this.

THE COURT: It's too late to file a 2016(b) statement, because the remedy in this case, so far as I'm concerned, is very clear. You didn't file—you haven't complied with 11 U.S.C. § 110.

MR. COFFER: Okay. And that was the second part of your question, and I don't think it does apply.

THE COURT: Why?

MR. COFFER: Because the definition of a bankruptcy petition preparer is one who has not—who is preparing petitions for debtors, who is not a lawyer, and is not employed by a lawyer, and is—or who is preparing in absence of supervision of a lawyer. So I don't think the definition fits.

THE COURT: So you've got it covered. As long as you're not acting as a lawyer, even though you take your lawyer hat off and put your non-lawyer hat on—

MR. COFFER: Well, that's a matter of interpretation—

THE COURT: Just a second please. You take your lawyer hat off; you put your non-lawyer hat on; and suddenly you're a bankruptcy—you are not a bankruptcy petition preparer—I guess you never take your lawyer hat off—

MR. COFFER: Correct.

THE COURT:—but by the same token, you're not practicing law when you help this person prepare this bankruptcy petition.

MR. COFFER: No, I differ with that, Your Honor.

THE COURT: You are practicing law.

MR. COFFER: Yes. That—there's different interpretations throughout California on that one—

THE COURT: So, you would agree that if you are practicing law, then under those circumstances, you most certainly have to file a 2016(b) statement, I assume.

MR. COFFER: Well, if—if *In re Glad* is applicable, then the answer would be apparently, yes. But, like I was saying, that some judges do not consider it practicing law; and others do. So—

THE COURT: Well, here's what I'm going to do. It does say that, Mr. Coffer, but you have admitted for the record, you've admitted so far as I can tell that you set this Consumer 7 Corporation up specifically to handle—because you can't represent—but to handle people who wish to file their petitions, their bankruptcy petitions in pro per.

. . . .

And as such, as far as I'm concerned, you set that corporation up, and the services you perform through this—by the way, is it a professional corporation or is it just a corporation?

MR. COFFER: It's in the process of becoming a professional corporation.

. . . .

[W]e're dealing with the State Bar and they've indicated that they are going to approve it.

. . . .

THE COURT:—the State Bar could only approve a professional corporation of lawyers, and that's not what you're proposing to set up here.

MR. COFFER: I think that I am proposing to set it up. To eliminate—

THE COURT: You're not going to act as a lawyer. How could you be—have a professional corporation of lawyers if none of the people are going to act as lawyers.

MR. COFFER: Well, Your Honor, I could come in and represent someone on a special appearance, correct?

THE COURT: That makes you a non-lawyer when you do that?

MR. COFFER: No, that makes me a lawyer for that specific purpose only, and not for everything else. In other words—

THE COURT: That's true, but it still makes you a lawyer, Mr. Coffer. How do you get—you're not representing these people on a special appearance basis; you're not representing them at all. You are a bankruptcy petition preparer, and so far as I'm concerned, you've got—this is going to be an excellent point on appeal because I'm going to find that you, through a corporation, both as—you being the only officer, director, employee of the corporation, apparently, acted for all intents and purposes by your own admission as a bankruptcy preparer even though you do not fall strictly within the definition of bankruptcy preparer.

And so what I'm doing is, I am requiring you to disgorge the $440 because you did not file a 2016(b) statement, and I'm also fining you and the corporation $1,000 for failing to comply with 11 U.S.C.

§ 110(b)(1) and (c)(1). And that's going to be my order.

The bankruptcy court's characterization of Coffer as a bankruptcy petition preparer appears to have resulted from its understandable frustration with Coffer's behavior. Coffer engaged in a course of conduct which this Panel believes was intended to confuse and mislead the bankruptcy court concerning the true nature of his and the Corporation's activities. He appears to have done everything possible to hide his connection with the debtor. We believe he did not want to be attorney of record because he would be responsible for representation of the debtor at the § 341(a) meeting of creditors and possibly further legal work in the case. He, therefore, disguised the fact that he prepared the petition and related bankruptcy documents. Coffer claims to have advised the court of the situation at the first opportunity at the December 13, 1995 show cause hearing. However, the fact remains that he failed to disclose his identity and capacity in the petition and hid that information from the court until its scrutiny of his conduct at the December 13 hearing. The bankruptcy court should not have been placed in the position of having to guess which of two capacities Coffer occupied—attorney, or bankruptcy petition preparer through a non-professional corporation—especially given the fact that the record shows Coffer intentionally blurred the line.

■ Nevertheless, attorneys are specifically excluded from the statutory definition of "bankruptcy petition preparer" by the plain language of § 110(a). We reluctantly conclude that the court erred in characterizing Coffer as a bankruptcy petition preparer. It accordingly also erred in imposing a fine against him individually for violations of §§ 110(b)(1) and (c)(*l*). However, the bankruptcy court imposed the $1,000 fine jointly and severally against Coffer and the Corporation, which we concluded above was appropriate, and the record reflects that the fine has been paid in full.[7] Therefore, despite the

---

7. For all practical purposes, payment of the fine by the Corporation constitutes payment of the fine by Coffer. He is the Corporation's sole owner, officer, director, and employee and, therefore, is personally liable for any statutory violation by the Corporation. *See In re Murray*, 194 B.R. 651, 657 (Bankr.D.Ariz.1996); *In re Chamberland*, 190 B.R. 972, 975 (Bankr.M.D.Fla. 1996).

court's errors on these points, the matter need not be remanded for any further consideration.

### 2. *Coffer's violations of the disclosure requirements of the Code and Rules*

■ Section 329 [8] and Rule 2016(b) [9] require that every attorney for a debtor must file a statement disclosing the compensation paid or promised to the attorney, whether or not the attorney ever applies for compensation in the case. An attorney's failure to comply with the disclosure requirements of the Code and Rules is a sanctionable violation, even if proper disclosure would have shown that the attorney had not actually violated any Code provision or any Rule. *In re Eric Alden Lewis*, 113 F.3d 1040, 1044–45 (9th Cir.1997); *In re Park–Helena Corp.*, 63 F.3d 877, 880 (9th Cir.1995), *cert. denied sub nom.* —— U.S. ——, 116 S.Ct. 712, 133 L.Ed.2d 667 (1996); *In re Film Ventures Intern., Inc.*, 75 B.R. 250, 252 (9th Cir.BAP 1987).

■ The disclosure rules are applied literally despite the sometimes harsh results which may occur, and negligent or inadvertent omissions do not obviate the need for disclosure. *Park–Helena Corp.*, 63 F.3d at 881. The consequences of an attorney's violation of the disclosure requirements regarding fees include denial of all fees requested, *Park–Helena Corp.*, 63 F.3d at 880, or disgorgement of fees already received, *In re EWC, Inc.*, 138 B.R. 276, 285 (Bankr. W.D.Okla.1992). Coffer incorrectly argues that failure to file a Rule 2016(b) statement is not the test for disgorgement of fees, and that a non-willful failure to file the statement is an insufficient basis for disgorgement.

■ It is uncontroverted that Coffer is an attorney and did not file a Rule 2016(b) statement. It is also undisputed that his failure to comply with Rule 2016(b) formed the basis for the bankruptcy court's order requiring disgorgement of the fees. It is immaterial whether his failure to file the statement was the result of his having been given incorrect advice by a court clerk, as he claims, or was an intentional effort on his part to avoid the disclosure requirements regarding compensation. *See Park–Helena Corp.*, 63 F.3d at 881. His violation of Rule 2016(b) was sufficient to warrant the bankruptcy court's order requiring disgorgement of the fees.[10]

## V. CONCLUSION

The bankruptcy court correctly found an attorney's wholly owned Corporation to be a "bankruptcy petition preparer" within the meaning of § 110(a), given its legal status as a California corporation and its stated business purpose of preparing bankruptcy documents for people who would otherwise file chapter 7 petitions *in propria persona*. The

---

8. Section 329 provides in pertinent part:

**§ 329. Debtor's transactions with attorneys**
 (a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

9. Rule 2016 provides in pertinent part:

**Rule 2016. Compensation for Services Rendered and Reimbursement of Expenses.**
 . . . .
 **(b) Disclosure of Compensation Paid or Promised to Attorney for Debtor.**
 Every attorney for a debtor, whether or not the attorney applies for compensation, shall file and transmit to the United States trustee within 15 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Code including whether the attorney has shared or agreed to share the compensation with any other entity. The statement shall include the particulars of any such sharing or agreement to share by the attorney, but the details of any agreement for the sharing of the compensation with a member or regular associate of the attorney's law firm shall not be required. A supplemental statement shall be filed and transmitted to the United States trustee within 15 days after any payment or agreement not previously disclosed.

10. This amount included the $175 filing fee. As we noted above, collection of the filing fee by the Corporation constituted a violation of § 110(g)(1), for which the bankruptcy court could have imposed a $500 fine pursuant to § 110(g)(2).

various violations of § 110 by the Corporation warranted the $1,000 fine imposed by the court as well as the order requiring disgorgement of fees. The rulings of the bankruptcy court with respect to the Corporation are AFFIRMED.

The bankruptcy court erred, however, in finding the attorney/owner of the Corporation to be a "bankruptcy petition preparer" because attorneys are specifically excluded from the statutory definition. The bankruptcy court accordingly also erred in imposing a fine against the attorney individually for violations of § 110. Those rulings are REVERSED. However, the fine was jointly and severally imposed against the Corporation and its attorney/owner, who is personally liable for the Corporation's statutory violations, and the fine has been paid in full. The matter therefore does not need to be remanded for any further consideration.

Finally, the bankruptcy court correctly determined that the attorney violated the compensation disclosure requirements of Rule 2016(b). The bankruptcy court's order requiring the attorney to disgorge all fees received in this case is AFFIRMED.