### In re Sylvia L. WILLIAMS, Debtor.

### Bankruptcy No. 96–50057–H3–13.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 19, 1997.

Sylvia Lauren Williams, Dickinson, TX, Pro se.

William E. Heitkamp, Houston, TX, trustee.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Chief Judge.

The court has heard its Order to Show Cause directed to Royce–Newport Group, which was ordered to appear and show cause why it should not be fined pursuant to 11 U.S.C. § 110 and why it should not disgorge to the Debtor or the Chapter 13 Trustee $1,000.00 for failure to comply with 11 U.S.C. § 329 and Bankruptcy Rule 2017 and failure to deliver services commensurate with the fee collected. The Debtor, Debtor's attorney, and a representative of the office of the United States Trustee appeared. Following are the Findings of Fact and Conclusions of Law of the court. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Royce-Newport Group was properly served with notice of the hearing at 2656 South Loop West, Suite 225, Houston, Texas, which is the address contained in the solicitation letter Debtor received from Royce–Newport Group (Government Exhibit 2) and which Debtor identified as the place where her consultations with representatives acting on behalf of Royce–Newport Group, took place.

Based upon the credible testimony of Sylvia L. Williams ("Debtor") Royce–Newport Group provided Debtor with instructions on how to prepare the documents filed in this case. Royce–Newport Group is a "bankruptcy petition preparer" within the meaning of 11 U.S.C. § 110.

Debtor testified that she paid Royce–Newport Group the sum of $1,000.00 for services in connection with this case. Royce–Newport Group filed a disclosure of compensation showing that it had received $0.00 in connection with the filing of the case (Government Exhibit 9).

Debtor testified that Royce–Newport Group solicited Debtor for services in arranging refinance of her home. She testified that Jim Jordan, a representative of Royce–Newport Group, assisted her with the preparation of "papers" in Royce–Newport Group's office.

Debtor testified that the papers she prepared, with the assistance of Royce–Newport Group, included the petition in the instant Chapter 13 case. She testified that Royce–Newport Group, through Jordan, instructed her to give the petition to the clerk. She also testified that she did not know that she was filing a bankruptcy petition, and that she did not place the mark which is in the box labeled "Chapter 13" on the voluntary petition. She testified that a representative of Royce–Newport Group informed her that Royce–Newport Group was discussing refinancing with Debtor's mortgage company. She testified that she was told to file the paper, which she did not know was a bankruptcy petition, for the purpose of delaying foreclosure while Royce–Newport Group negotiated a forbearance agreement with her mortgage company. She was not told to attend the meeting of creditors, or to prepare a plan. She testified that she was told to file a request for payment of the filing fee in installments, even though she had paid $1,000 to Royce–Newport Group.

Debtor testified that other documents filed in the instant Chapter 13 case, including the notice to individual consumer debtors (Government Exhibit 5) and Chapter 13 plan (Government Exhibit 10), each of which bear signatures which appear to read "Sylvia L. Williams," were not signed by her.

### Conclusions of Law

A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address. 11 U.S.C. § 110(b)(1). Failure to do so may result in a fine of no more than $500.00. 11 U.S.C. § 110(b)(2).

A bankruptcy petition preparer must place the preparer's social security number after the preparer's signature. 11 U.S.C. § 110(c)(1). Failure to comply may result in

a fine of no more than $500.00. 11 U.S.C. § 110(c)(3).

The documents filed with the court in this case did not have a social security number, a signature, a name, or an address of the petition preparer.

 The court concludes that Royce–Newport Group has violated § 110(b)(1) and § 110(c)(1) as to each of four documents: the voluntary petition (Government Exhibit 4), the schedules (Government Exhibit 7), the statement of financial affairs (Government Exhibit 8), and the Chapter 13 Plan and Motion to Avoid Liens (Government Exhibit 10). Royce–Newport Group is fined $500.00 for each violation.

 Royce–Newport Group also violated Bankruptcy Rule 1006(b)(3), by instructing Debtor to pay none of the filing fee with the filing of the petition, although Royce–Newport Group had received $1,000.00 for services to Debtor in connection with this case. Royce–Newport Group further violated Bankruptcy Rule 1006(b)(3) and 11 U.S.C. § 110(j)(2)(A) by filing a false disclosure of compensation showing that it had received $0.00 in connection with the filing of the case.

 Royce–Newport Group failed to prove that adequate services were provided for the $1,000.00 fee paid by Debtor. The court concludes that the services of Royce–Newport Group in connection with this case had no value.

Based on the foregoing, a separate conforming Judgment will be entered.