In re Filemon **NIEVES** and Esther Nieves, Debtors.

**Maureen A. Tighe, United States Trustee for Region 16, Movant,**

v.

**Alejandro Mora and American United Services, Respondents.**

No. RS02–24218 PC.

United States Bankruptcy Court, C.D. California, Riverside Division.

Feb. 25, 2003.

Timothy J. Farris, Riverside, CA, for Movant.

Alejandro Mora, and American United Services, pro se.

## MEMORANDUM DECISION

PETER H. CARROLL, Bankruptcy Judge.

Maureen A. Tighe, United States Trustee for Region 16 ("UST") filed a motion pursuant to 11 U.S.C. § 110 and L.B.R. 1002–4 requesting that Alejandro Mora and American United Services (collectively, "Mora") be sanctioned, enjoined, and ordered to disgorge fees in this case. Mora filed a written response and appeared at the hearing in opposition to the motion. Timothy J. Farris, Esq. appeared on behalf of the UST. The court, having considered the UST's motion, Mora's response in opposition thereto, the evidentiary record, and argument of counsel, makes the following findings of fact and conclu-

sions of law [1] pursuant to Fed.R.Civ.P. 52, as incorporated into Fed.R.Bankr.P. 7052 which is applicable to contested matters. Fed.R.Bankr.P. 9014.

## I. STATEMENT OF FACTS

On August 30, 2002, Filemon Nieves and Esther Nieves ("Debtors") filed a voluntary petition under chapter 7 of the Bankruptcy Code in this case. Debtors are not represented by counsel nor do they speak English. There is nothing in the papers filed with the court to indicate that Debtors received any assistance in the preparation of their bankruptcy documents. The Statement of Assistance, which is intended to be used by bankruptcy petition preparers for the disclosure of fees under 11 U.S.C. § 110(h)(2), contains the statement "In Pro Per" and is signed by the Debtors. On page 2 of the Voluntary Petition, the certification entitled "Signature of Non–Attorney Petition Preparer" is marked "Not Applicable." Debtors responded to Question # 9 of their Statement of Financial Affairs that no amount had been paid within one year of filing for debt counseling or bankruptcy assistance.

On November 22, 2002, Debtors filed an amended Chapter 7 Individual Debtor's Statement of Intention and amended Schedule D. Again, there is nothing on the face of either document nor is there any disclosure filed in conjunction therewith indicating that Debtors were assisted in the preparation of the amended schedules.

On November 26, 2002, Debtors signed a document entitled "Declaration for Debtors Without an Attorney" stating under penalty of perjury that they had paid the sum of $375 to Mora for preparation of their bankruptcy documents. The questions set forth in the declaration, and the Debtors' sworn answers thereto, are in Spanish. According to the declaration, Mora prepared the Debtors' bankruptcy petition, counseled the Debtors regarding bankruptcy, and explained to Debtors the difference between proceeding under chapter 7 and chapter 13.

On January 7, 2003, the UST filed her motion seeking fines against Mora for alleged violations of 11 U.S.C. §§ 110(b)(1), (c)(1), (h)(1) and a disgorgement of fees. The UST also requested that Mora be sanctioned for alleged unauthorized practice of law in bankruptcy court, and enjoined from acting as a bankruptcy petition preparer in the Central District of California.

In his response filed on February 18, 2003, Mora denies that he is a "bankruptcy petition preparer." Mora states that he received the $375 fee from the Debtors for debt counseling, not for the preparation of bankruptcy documents. Mora claims that he met with the Debtors on March 15, 2002, to discuss their financial situation, at which time the Debtors signed a contract to participate in a "debt management program." A copy of the contract, which is entitled "Acuerdo De Consulta," is attached to the response. According to the contract, Debtors paid an application fee of $75 to participate in a program ostensibly sponsored by "Pioneer Credit & Debt Consolidation Services." [2] Debtors paid an additional $300 fee to Mora for the following

---

1. To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.

2. Pioneer Credit & Debt Consolidation Service is a credit counseling agency doing business in Rapid City, South Dakota, which offers a Debt Management Program on its web site at www.pioneercredit.com.

products or services: (1) a simplified guide concerning budget and finances; (2) a credit report; (3) a $10,000 accidental death policy; (4) registration for Pioneer program benefits, and (5) continued assistance regarding their budget and financial matters.

Mora attached to his response copies of the following checks received by Mora from the Debtors in payment of the $375 fee: (1) Check # 1112 from Esther Nieves in the amount of $150 payable to the order of America U.S. dated March 15, 2002; (2) Check # 1113 from Esther Nieves in the amount of $125 payable to the order of America U.S. dated April 1, 2002; and (3) Check # 1114 from Esther Nieves in the amount of $100 payable to the order of America U.S. dated April 15, 2002. Mora admitted at the hearing that he received each of the checks on March 15, 2002, and that check numbers 1113 and 1114 were post-dated by the Debtors.

Mora solicited information from the Debtors concerning their assets, debts, income and expenses. Mora's response includes a document entitled "Bankruptcy Worksheet," a document entitled "Monthy [sic] Expenses," and a list dated April 15, 2002, containing the names and addresses of the Debtors' creditors. Mora admits in his response that he "commented on the difference between Chapter 7 and 13" and advised the Debtors that "the next alternative would be bankruptcy" if the program did not work for them. Mora admitted at the hearing that he prepared the Debtors' bankruptcy petition from information contained in the documents attached to his response. Mora also stated that he filed the documents on behalf of the Debtors on

August 30, 2002, and paid the filing fee to the United States Bankruptcy Court.

Mora's response is not verified nor is it supported by a declaration under penalty of perjury. There is no evidence that Mora is an authorized agent of Pioneer Credit & Debt Consolidation Service nor that Debtors received the products or services described in their contract with Mora. Indeed, there is no evidence that Mora rendered any financial counseling to the Debtors other than to prepare and file their bankruptcy petition.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a). The UST, who may raise and may appear and be heard on any issue in any case or proceeding under title 11, has standing to seek relief under 11 U.S.C. § 110. 11 U.S.C. 307. *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir.2000).

### A. *Mora's Conduct is Subject to Section 110*

■■■■ Section 110 was enacted to protect consumers from abuses by non-lawyer bankruptcy petition preparers. *Consumer Seven Corp. v. United States Trustee (In re Fraga)*, 210 B.R. 812, 816–17 (9th Cir. BAP 1997). Congress passed section 110 to confront petition preparers "who prey on the poor and unsophisticated." [3]

---

3. Speaking for enactment of the Bankruptcy Reform Act of 1994, Senator Metzenbaum in his remarks to the United States Senate observed that "[H]undreds of typing mills are luring customers with vague promises of solv-

ing their credit problems, charging the customer hundreds of dollars while inducing them to sign bankruptcy petitions they often do not understand, and then improperly filing

Courts have described section 110 as "a consumer protection measure unrelated to the practice of law." *Id.* at 819; *see United States Trustee v. PLA People's Law–Arizona, Inc. (In re Green)*, 197 B.R. 878, 879 (Bankr.D.Ariz.1996).[4] Section 110 mandates specific requirements to be followed by bankruptcy petition preparers, making it clear that bankruptcy petition preparers may *only* provide typing services to their customers. H.R.Rep. No. 835, 103d Cong.2d Sess. 56 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3365. Section 110 was intended to regulate conduct and practices perceived by Congress to be harmful to the public and the bankruptcy system, not to authorize or legitimize a "profession." *See In re Guttierez*, 248 B.R. 287, 297 (Bankr.W.D.Tex.2000).

■ Mora is a "bankruptcy petition preparer" within the meaning of section 110(a)(1).[5] Mora collected the sum of $375 from the Debtors and prepared the following documents for filing[6] by the Debtors in this case: (1) Voluntary Petition; (2) Summary of Schedules and Schedules A through F; (3) Statement of Financial Affairs; (4) Chapter 7 Individual Debtor's Statement of Intention; (5) Statement of Related Cases; (6) Notice of Available Chapters; (7) Statement of Assistance; (8) List of Creditors, and (9) Amended Schedules.

■ For purposes of section 110(a)(2), the petition, schedules, statements, plan, certifications, motions and other documents filed in a bankruptcy case each constitute a separate "document for filing" within the meaning of the statute. *See, e.g., Staiano v. The File Aid of New Jersey, et al. (In re Bradshaw)*, 233 B.R. 315, 326 (Bankr.D.N.J.1999); *In re Williams*, 216 B.R. 600, 602 (Bankr.S.D.Tex.1997); *Fessenden v. Ireland (In re Hobbs)*, 213 B.R. 207, 211 (Bankr.D.Me.1997); *Marshall v. Bourque (In re Hartman)*, 208 B.R. 768, 777 (Bankr.D.Mass.1997); *United States Trustee v. Womack (In re Paskel)*, 201 B.R. 511, 516 (Bankr.E.D.Ark. 1996); *In re Rausch*, 197 B.R. 109, 120 (Bankr.D.Nev.1996), *aff'd*, 213 B.R. 364 (D.Nev.1997), *aff'd sub nom, Ferm v. United States Trustee (In re Crawford)*, 194 F.3d 954 (9th Cir.1999), *cert. denied*, 528 U.S. 1189, 120 S.Ct. 1244, 146 L.Ed.2d 102 (2000). The court finds that each of the nine documents prepared by Mora consti-

---

bankruptcy on their behalf." 140 Cong. Rec. S 14,597 (daily ed. October 7, 1994).

**4.** The court in *In re Guttierez*, 248 B.R. 287 (Bankr.W.D.Tex.2000) observed that:

The consumer protections offered by Section 110 highlight a very real concern: petition preparers are not licensed. Attorneys *are* licensed, and their codes of professional conduct of necessity hold them to a higher standard than petition preparers, who are both unlicensed and unregulated. For example, attorneys are subject to competency requirements and character assessments before they receive a law license. Petition preparers are presently subject to no competency requirements or licensing procedures. Attorneys can be disbarred, suspended or otherwise sanctioned if they fail to obey court rules or ethical rules promul-

gated by the state bar. When an attorney's conduct breaches the professional standard of care and damage results, the law provides the client relief. No such remedy was then available against petition preparers. Section 110 was an attempt by Congress to fill that gap.

*Id.* at 292 n. 13.

**5.** The term "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing. 11 U.S.C. § 110(a)(1).

**6.** A "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title. 11 U.S.C. § 110(a)(2).

tute a "document for filing" within the scope of 11 U.S.C. § 110(a)(2).

### B. Violations of Section 110(b) & Section 110(c)

For each document prepared for filing, section 110(b)(1) requires a bankruptcy petition preparer to sign the document and print on the document the preparer's name and address. 11 U.S.C. § 110(b)(1).[7] Section 110(c)(1) further requires a bankruptcy petition preparer to place on each document, after the preparer's signature, the Social Security number of each individual who either prepared or assisted in the preparation of the document. 11 U.S.C. § 110(c)(1).[8] Bankruptcy courts are authorized to impose fines against bankruptcy petition preparers of up to $500 for each violation of either section 110(b)(1) or section 110(c)(1). 11 U.S.C. §§ 110(b)(2) & (c)(2).

On each of the nine documents prepared for the Debtors, Mora failed to sign and print his name and address as the person who prepared the document in violation of 11 U.S.C. § 110(b)(1). Mora also failed to disclose his Social Security number on each of the documents, as the person who prepared the document, in violation of 11 U.S.C. § 110(c)(1). The court finds that Mora committed nine violations of section 110(b)(1) and nine violations of section 110(c)(1) in this case.

Mora has made no showing of reasonable cause for his violations of section 110. "Reasonable cause" to violate a statutory requirement exists where the violation is unavoidable through no fault of the violator. See Paskel, 201 B.R. at 518; Rausch, 197 B.R. at 117. Mora admits that he prepared the bankruptcy documents for filing by the Debtors, but denies that he was required to comply with the provisions of 11 U.S.C. § 110 because he received the fee for debt counseling rather than document preparation. The exhibits to Mora's response, particularly the "Bankruptcy Worksheet," belie Mora's contention. They indicate that Mora collected financial information from the Debtors between March 15, 2002 and April 15, 2002, for the purpose of preparing a bankruptcy petition. Mora failed to present any evidence that the Debtors received the products or services described in the contract, nor that Mora rendered any financial counseling to the Debtors other than to prepare and file their bankruptcy petition.

Ignorance of the law does not constitute reasonable cause. Paskel, 201 B.R. at 518; In re Murray, 194 B.R. 651, 658 (Bankr. D.Ariz.1996). The imposition of fines is appropriate to deter future illegal conduct on the part of a bankruptcy petition preparer. See In re Ali, 230 B.R. 477, 482 (Bankr.E.D.N.Y.1999). Accordingly, the

---

**7.** 11 U.S.C. § 110(b) provides:
(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.
(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

**8.** 11 U.S.C. § 110(c) provides:
(1) A bankruptcy petition preparer who prepares a document for filing shall place

on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.
(2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.
(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such violation unless the failure is due to reasonable cause.

court fines Mora $50 for each of the 9 violations of section 110(b)(1) and $50 for each of the 9 violations of section 110(c)(1), for a total of $900, which shall be payable to the Clerk of the Court not later than 30 days from the date of service of the order granting the motion.[9]

## C.  Disgorgement of Fees

### Violation of Section 110(h)

Mora collected the sum of $375 from the Debtors for bankruptcy document preparation and court filing fees, but Mora did not disclose the compensation received as required by section 110(h)(1)[10].  The UST seeks a disgorgement of the fee.

Section 110(h) requires a bankruptcy petition preparer to disclose, under penalty of perjury and within 10 days after the petition is filed, any fee received from or on behalf of the debtor within 12 months prior to bankruptcy and any unpaid fee charged to the debtor.  11 U.S.C. § 110(h)(1).  Bankruptcy courts have discretion to disallow and order the immediate turnover of any fee that exceeds the reasonable value of the services for documents prepared.  11 U.S.C. § 110(h)(2). A bankruptcy petition preparer may be fined up to $500 for failure to comply with

a turnover order within 30 days after service.  11 U.S.C. § 110(h)(4).  *See In re Gavin,* 181 B.R. 814, 822 (Bankr.E.D.Pa. 1995).  In the Ninth Circuit, section 110(h)(1)'s fee disclosure mandate for bankruptcy petition preparers is strictly enforced.  *See Fraga,* 210 B.R. at 819 (holding that full disgorgement of fees was appropriate where petition preparer failed to comply with 11 U.S.C. § 110(h)(1), notwithstanding the fact that payments were listed in debtor's statement of financial affairs, and stating that additional $500 fine would have been appropriate as well).

In this case, the court finds that Mora ignored his statutory obligation under section 110(h)(1) to file a sworn disclosure of compensation paid to him by or on behalf of the Debtors within 12 months preceding bankruptcy.  11 U.S.C. § 110(h)(1).  Therefore, disgorgement of fees is warranted under section 110(h)(2). 11 U.S.C. § 110(h)(2).

### Unauthorized Practice of Law

The court has the inherent power to regulate the conduct of attorneys and non-attorneys providing, or attempting to provide, assistance to bankruptcy debtors.  This is necessary to prevent the

---

9.  The evidence suggests that Mora also violated section 110(g)(1) which prohibits a bankruptcy petition preparer from collecting or receiving "any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition."  11 U.S.C. § 110(g)(1).  The UST has not, however, sought a fine against Mora for receiving a payment from the Debtors which, in part, was used to pay the $200 filing fee in this case in violation of section 110(g)(1).

10.  11 U.S.C. § 110(h) provides:
   (1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of

the case, and any unpaid fee charged to the debtor.
   (2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).
   (3) The debtor, the trustee, a creditor, or the United States trustee may file a motion for an order under paragraph (2).
   (4) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

victimization of debtors and abuse of the bankruptcy process. *See, e.g., Goudie v. Morrow (In re Telford),* 36 B.R. 92, 94 (9th Cir. BAP 1984); *Walton v. Jones (In re Shirley),* 184 B.R. 613, 617 (Bankr.N.D.Ga. 1995). Preparing bankruptcy documents and giving advice regarding bankruptcy matters necessarily involves the practice of law.[11] *Guttierez,* 248 B.R. at 295.

The evidence in support of the motion establishes that Mora practiced law and gave Debtors unauthorized legal advice.[12] It is undisputed that Mora compiled the bankruptcy documents from financial information solicited from the Debtors. *Samuels v. American Legal Clinic, Inc. (In re Samuels),* 176 B.R. 616, 624 (Bankr.M.D.Fla.1994) (observing that nonlawyer improperly compiled, edited, and formulated debtor's bankruptcy petition and other documents); *In re Bright,* 171 B.R. 799, 803 (Bankr.E.D.Mich.1994) (holding that nonlawyer engaged in impermissible practice of formulating debtor's schedules from raw financial data collected from the debtor); *In re Harris,* 152 B.R. 440, 445 (Bankr.W.D.Pa.1993) (noting that nonlawyer's preparation of schedules and other forms involved the exercise of legal judgment in excess of what the average lay person reasonably could expect to possess); *In re Anderson,* 79 B.R. 482, 485 (Bankr.S.D.Cal.1987) (observing that selection and preparation of bankruptcy schedules based upon information solicited in interview with debtor requires exercise of legal judgment beyond the knowledge of a

lay person). Mora advised Debtors concerning the timing of their bankruptcy. *See, e.g., Glad v. Mork (In re Glad),* 98 B.R. 976, 978 (9th Cir. BAP 1994) (holding that advising debtor to file chapter 11 bankruptcy based upon financial information solicited during interview constituted unauthorized practice of law); *In re Herren,* 138 B.R. 989, 995 (Bankr.D.Wyo.1992) (observing that advice about the timing of an anticipated bankruptcy filing requires legal expertise). Mora also explained to Debtors the difference between bankruptcy under chapter 7 and chapter 13. *See, e.g., In re Skobinsky,* 167 B.R. 45, 50 (E.D.Pa.1994) (affirming injunction against nonlawyer who engaged in unauthorized practice of law by discussing with customers various chapters under which bankruptcy relief could be sought); *Anderson,* 79 B.R. at 485 (ruling that unauthorized practice of law includes advice regarding secured collateral and the differences between chapters 7 and 13).

The court takes judicial notice that Mora is not identified by the State Bar of California Internet site, *www.calbar.ca.gov,* as an attorney licensed to practice law in this state. The court also takes judicial notice that Mora has not been admitted to the bar of the Central District of California nor has Mora been admitted on a *pro hac vice* basis. Therefore, the court finds that Mora's actions, individually and collectively, constitute the unauthorized practice of law, and that disgorgement of fees is an appropriate sanction for Mora's unauthorized giving of legal advice in this case.

---

11. "Bankruptcy documents simply cannot be prepared without having to make legal decisions. The debtor must decide under which chapter of bankruptcy to file, what property to claim as exempt, how to classify debts, and (if the petition is under Chapter 13) how and when to file a plan. Even the simplest bankruptcy cases require a familiarity with principles of bankruptcy and state property law which are beyond a layperson's knowledge.

When a petition preparer makes these choices for the debtor, the petition preparer is practicing law." *Guttierez,* 248 B.R. at 295.

12. 11 U.S.C. § 110(k) states:

Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.

Mora is ordered to disgorge fees in the amount of $175 for his unauthorized practice of law and violation of 11 U.S.C. § 110(h)(1). Pursuant to 11 U.S.C. § 110(h)(2), the court orders Mora to disgorge the sum of $175 to the UST for the benefit of the Debtors within 30 days from the date of service of the order granting the motion. In the event the sum of $175 is not timely disgorged to the UST, Mora shall be fined the additional sum of $500 pursuant to 11 U.S.C. § 110(h)(4).

### D. Injunctive Relief Under Section 105(a) and Section 110(j)

■■■■■ The UST seeks an injunction pursuant to 11 U.S.C. § 105(a) [13] and 11 U.S.C. § 110(j) [14] enjoining Mora from (a) acting as a bankruptcy petition preparer in the Central District of California, and (b) engaging in the unauthorized practice of law. However, any proceeding to obtain an injunction or other equitable relief must be brought by adversary proceeding. Fed.R.Bankr.P. 7001(7). Indeed, Rule 1002–4(d) of the Local Bankruptcy Rules of the Central District of California specifically requires that an adversary proceeding be filed by any party seeking an injunction against a bankruptcy petition preparer under 11 U.S.C. § 110(j). Because the UST has sought injunctive relief by motion rather than adversary proceeding, the matter is not properly before the court and is denied without prejudice.

### III. CONCLUSION

In sum, the UST's motion is granted, in part, and denied, in part. Mora is assessed a fine of $450 for his violations of 11 U.S.C. § 110(b)(1) and a fine of $450 for his violations of 11 U.S.C. § 110(c)(1), for a total of $900, which shall be payable to the Clerk of the Court not later than 30 days from the date of service of the order granting the motion. Mora is also ordered to dis-

---

**13.** 11 U.S.C. § 105 states:

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**14.** 11 U.S.C. § 110(j) provides:

(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2) (A) In an action under § 110(j)(1), if the court finds that—

(i) a bankruptcy petition preparer has—
(I) engaged in conduct in violation of § 110 or of any provision of this title a violation of which subjects a person to criminal penalty
(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or
(III) engaged in any other fraudulent, unfair, or deceptive conduct; and
(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.
(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in § 110(j)(2)(A)(i)(I), (II) or (III) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under § 110, the court may enjoin the person from acting as a bankruptcy petition preparer.
(3) The court shall award to a debtor, trustee, or creditor that brings a successful action under § 110(j) reasonable attorneys' fees and costs of the action, to be paid by the bankruptcy petition preparer.

gorge fees in the amount of $175 for his unauthorized practice of law and violation of 11 U.S.C. § 110(h)(1). Pursuant to 11 U.S.C. § 110(h)(2), the court orders Mora to disgorge the sum of $175 to the UST for the benefit of the Debtors within 30 days from the date of service of the order granting the motion. In the event the sum of $175 is not timely disgorged to the UST, Mora shall be fined the additional sum of $500 pursuant to 11 U.S.C. § 110(h)(4). The UST's request for an injunction is denied without prejudice.

The court will enter an order consistent with this opinion.