**In re Eula M. BROKENBROUGH, Debtor.**

**Bankruptcy No. 95–32579.**

United States Bankruptcy Court, S.D. Ohio, Western Division.

June 6, 1996.

Wayne P. Novick, Centerville, Ohio, for Debtor.

Stanley A. Hirtle and Gwendolyn D. Cosey, Legal Aid Society of Dayton, Dayton, Ohio.

George W. Ledford, Chapter 13 Trustee, Englewood, Ohio.

Donald F. Harker, III, Chapter 7 Trustee, Dayton, Ohio.

DECISION AND ORDER ON U.S.
TRUSTEE'S MOTION UNDER
11 U.S.C. § 110 (DOC. # 22)

WILLIAM A. CLARK, Chief Judge.

This matter is before the court upon the motion of the U.S. Trustee for a finding of various violations of 11 U.S.C. § 110 by Eugene White and Lancaster Bankruptcy Center (aka Legal Aid Services) as well as the imposition of penalties under the provisions of that section of the Bankruptcy Code. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

*FINDINGS OF FACTS*

This matter came on for hearing on March 29, 1996, and the following findings of facts are made:

1. On August 1, 1995, Eula M. Brokenbrough ("debtor") filed a Voluntary Petition under chapter 7 of the U.S. Bankruptcy Code.

2. The Voluntary Petition, Schedules, Statement of Financial Affairs and other relevant bankruptcy papers filed with this court on August 1, 1995, were prepared by Eugene White and Lancaster Bankruptcy Center/LAS (Debtor's Testimony and Hearing Exh. 5).

3. The Certification and Signature of Non-Attorney Bankruptcy Petition Preparer form contains the following information: Lancaster Bankruptcy Center, Eugene White, Social Security account number 622–26–9715, Tax ID number 95–4531804, located at 641 West Avenue, J, suite 153, Lancaster, CA 93534, with a signature of one Eugene White, dated 7–27–95 (Hearing Exh. 5).

4. LAS held itself out in the Dayton, Ohio, area as being in the business of preparing legal paperwork in various legal matters, including bankruptcy. The Dayton Area Yellow Pages contains an advertisement for "Legal Aid Services" with a phone number of 1–800–222–2428 (Hearing Exh. 8).

5. Dayton area phone calls for LAS placed at the 1–800–222–2428 number were answered in California. It was the practice of LAS to hire a local agent to rent temporary office space in the Dayton area and meet with Dayton area customers.

6. LAS also placed listings in the Dayton area Business White Pages and the Dayton area Yellow Pages under the name "Legal Aid Servs" [sic] with a local number of 222–2428 (hearing Exhs. 7 & 8).

7. Lancaster/LAS are based in Lancaster, California, and received mail at 2331–D2 E. Ave. S, Ste. 264, Palmdale CA 93550, and at 641 West J, # 153, Lancaster CA 93534.

8. Eugene White, is an employee, agent and/or principal of Lancaster/LAS (Hearing Exh. 5).

9. Mr. White and LAS are not attorneys licensed to practice law within the State of Ohio, nor are they admitted to practice before any United States District Court in Ohio (Hearing Exh. 5).

10. Prior to the filing of the instant case, LAS, its principals, and any one acting in concert with them were enjoined from preparing bankruptcy petitions and/or acting as bankruptcy petition preparers anywhere in the United States of America for violations of section 110 of the Bankruptcy Code. *See Ross v. Smith (In re Gavin),* 184 B.R. 670 (E.D.Pa.1995) and 181 B.R. 814 (Bankr. E.D.Pa.1995); *In re Hernandez,* unreported, Case No. 95–51477–RBK (W.D.Texas, San Antonio Division, June 14, 1995); and *In re Lackey,* unreported, Case No. 95–10453FM (W.D.Texas, Austin Division, May 19, 1995).

11. On or about April 1995, debtor's daughter telephoned LAS for information as to whether bankruptcy would resolve the debtor's financial problems. Due to the similarity in names, the debtor and her daughter believed they were contacting the Legal Aid Society of Dayton. Legal Aid Society receives funds from the Legal Services Corporation pursuant to federal law as well as from other funding sources to provide legal services to the indigent in Montgomery County, Ohio.

12. An unidentified employee of LAS, in the Lancaster California office, scheduled an appointment for the debtor to meet Ms. Gohagan, an agent of LAS, at an office temporarily rented at 4027 Colonel Glenn Highway, near Dayton, Ohio. The debtor was told to bring her financial records and a list of creditors to the meeting and that the bankruptcy would cost her $ 150.

13. The debtor met with Ms. Gohagan on April 25, 1995, at the Colonel Glenn Highway location and provided Ms. Gohagan with information and documents concerning her assets, debts and finances. The debtor inquired and was advised at this meeting that she would be represented by legal counsel during the bankruptcy proceeding, and that the bankruptcy proceeding would not result in the loss of her home. The debtor had no knowledge regarding which of the various chapters of the Bankruptcy Code provides the relief she sought, nor did she have an understanding of the statutory exemptions available to her, how to classify claims, or knowledge of legal terminology.

14. The debtor emphasized that she did not wish to lose her home, and Ms. Gohagan reassured her that she would not lose her home.

15. The debtor paid $ 150 cash to Ms. Gohagan and signed an agreement for the preparation of a chapter 7 bankruptcy petition by LAS (Hearing Exh. 4).

16. On or about August 1, 1995, more than three months after the meeting, the debtor received copies of a chapter 7 Bankruptcy Petition, Schedules, Statement of Financial Affairs, and other papers prepared by Eugene White and Lancaster Bankruptcy Center/LAS.

17. The debtor never met or spoke to Eugene White.

18. Shortly after her receipt of the bankruptcy papers from LAS, the debtor called the LAS office in California and inquired about meeting her attorney and how to file the bankruptcy documents. An employee, who failed to identify herself when asked to do so by the debtor, assured the debtor she would be represented by counsel and instructed the debtor to take the bankruptcy documents to the bankruptcy court. LAS never provided the debtor with an attorney.

19. The debtor did not realize that she had made a mistake in thinking that LAS was Legal Aid Society of Dayton, Inc., until her chapter 7 first meeting of creditors was held in October, 1995, pursuant to 11 U.S.C. § 341.

20. The only papers signed by Eugene White, as the bankruptcy petition preparer, with his name and address printed thereon were the "Certification and Signature of Non–Attorney Bankruptcy Petition Preparer" document, which contains the signature "Eugene White" and is dated July 27, 1995 (Hearing Exh. 5), and the "Declaration of Bankruptcy Petition Preparer" document (Hearing Exh. 5). The petition, the numerous schedules, the Statement of Financial Affairs, and other bankruptcy papers prepared by Mr. White and LAS—and later filed with this court by the debtor—were not signed by Mr. White and/or LAS.

21. Eugene White's Social Security account number appearing on the Certification form, the Declaration form, the Disclosure of Compensation form, and on page 2 of the Petition, i.e., 622–26–9715, is not a valid and correct number for Eugene White. His correct social security account number is 153–52–5896, which does not appear on any of the bankruptcy papers (Hearing Exh. 1, 2, 5, and testimony of Jerald M. Messer, Special Agent, Office of Inspector General, Social Security Administration).

22. The bankruptcy papers prepared by Eugene White and LAS contain a number of significant errors:

a. LAS filed a chapter 7 petition on the debtor's behalf thereby subjecting the debtor to the potential sale of her home;

b. no exemptions were claimed by the debtor;

c. Schedule F contains no address for the debtor's largest unsecured creditor, Associated National Bank of Delaware;

d. In the Debtor's Statement of Intention concerning her consumer debts secured by property of the estate, LAS states that the

debtor will avoid the mortgage on her real estate.

23. Due to such errors by Eugene White and LAS in preparing the debtor's bankruptcy papers, the debtor retained a bankruptcy attorney and moved this court to convert the chapter 7 case to a case under chapter 13 of the Bankruptcy Code. The order of conversion was entered on December 4, 1995.

24. In retaining counsel for her case, the debtor incurred attorney fees of $ 500.

## CONCLUSIONS OF LAW

In 1994, in response to the increasing number of "bankruptcy petition preparers," Congress enacted § 110 of the Bankruptcy Code which sets standards for bankruptcy petition preparers and provides penalties for the failure to meet such standards. Congress intended that it still be permissible for a bankruptcy petition preparer to provide typing services but believed that far too many bankruptcy petition preparers "also attempt[ed] to provide legal advice and legal services to debtors." H.R.Rep. No. 834, 103rd Cong., 2d Sess. 40–41 (1994).

> These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system. *Id.*

Section 110(a) of the Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). In turn, a "document for filing" is defined as "a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

■ Evidence at the hearing in this case demonstrates that the debtor paid $ 150 to LAS's agent, Mrs. Gehagan, for preparation of the bankruptcy papers filed with this court. In addition, it was also shown that Eugene White signed several of the bankruptcy papers in the capacity of a non-attorney bankruptcy petition preparer. As a result, the court finds that Eugene White and LAS are "bankruptcy petition preparers" within the meaning of § 110 of the Bankruptcy Code.

■ As bankruptcy petition preparers, Eugene White and LAS are subject to the standards and penalties set forth in § 110 of the Bankruptcy Code. Section 110(b)(1) of the Code provides that "[a] bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address." Section 110(b)(2) states that a bankruptcy petition preparer who fails to comply with § 110(b)(1) "may be fined not more than $500 for each such failure unless the failure is due to reasonable cause."

The U.S. Trustee maintains that pursuant to the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the petition, schedules, statement of financial affairs, statement of intention, and other bankruptcy papers are each separate and distinct documents for filing. On this basis, the U.S. Trustee asserts that a bankruptcy petition preparer is required to sign and print his name and address on each and every document prepared for filing.

This court does not agree with the U.S. Trustee's contention that for the purposes of this case, the schedules, lists, statements and other bankruptcy papers attached to the petition and filed therewith as Docket # 1–1 and file stamped as one document with attachments do not constitute the one and first document filed in this bankruptcy case. The preparer signed Form 19: Certification and Signature of Non–Attorney Bankruptcy Petition Preparer attached to the petition as a part of Doc. # 1–1 of the bankruptcy records. Eugene White also signed the Declaration of Bankruptcy Preparer which is also attached to the petition. On each of those pages Eugene White furnished the social security number 622–26–9715. On Form 19 he furnished a tax I.D. number 95–4531804 in addition to the social security number. On that certification in addition to the name Eugene White there appears "Lancaster Bankrutcy (sic) Center." Since these papers were af-

fixed as one document and filed together and numbered as one document, it would be over-reaching to find that there are several documents for purposes of § 110 of the Bankruptcy Code. In fairness, there are no signature lines for the debtor, preparer, or attorney on Schedules A through J and the "Summary of Schedules" page.

■ Section 110(c)(1) of the Bankruptcy Code states that "[a] bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document." For purposes of such section, "the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation." 11 U.S.C. § 110(c)(2).

In several instances, Eugene White has listed his Social Security number as 622–26–9715, but the evidence established that his correct Social Security number is in fact 153–52–5896, which is absent from the papers filed with this court. Therefore, the court finds that Eugene White has not provided his "identifying number" as required by § 110(c)(1) of the Bankruptcy Code. As a result, Eugene White is subject to the provisions of § 110(c)(3) which provides that a bankruptcy petition preparer who fails to comply with § 110(c)(1) "may be fined not more than $ 500 for each such failure unless the failure is due to reasonable cause."

■ Section 110 of the Bankruptcy Code also governs legal advertising by bankruptcy petition preparers and provides that "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." 11 U.S.C. § 110(f)(1). During 1995, LAS conducted business in the Dayton, Ohio, area under the names "Legal Aid Services" and "Legal Aid Servs." Advertising and listings for these names appeared in the Dayton Area Business White

Pages and Yellow Pages (Hearing Exhibits 7 & 8). In addition, the debtor testified that during April of 1995, her daughter—on the debtor's behalf—telephoned LAS after looking at the Dayton Yellow pages for debt counseling and believed she had contacted Legal Aid Society of Dayton, Inc. The court finds that the use of the word "legal" in the telephone listings and advertisements constitutes a violation of § 110(f)(1), and Eugene White and LAS are subject to a penalty of up to $ 500 under § 110(f)(2) for each of the two violations of § 119(f)(1).

■ Section 110(h)(2) of the Bankruptcy Code provides that the bankruptcy court shall disallow and order the immediate turnover of any fee described in § 110(h)(1) [1] paid to the bankruptcy petition preparer that is in excess of the value of the services rendered for the documents prepared. Section 110(h)(2) also states that "an individual debtor may exempt any funds so recovered under section 522(b)." 11 U.S.C. § 110(h)(2). While it is true that the filing of the debtor's petition enabled her to invoke this court's jurisdiction, little else was accomplished by such filing. The schedules are inadequately completed, the petition was filed under the wrong chapter, and it was necessary for the debtor to retain competent legal counsel to correct these errors. As a result, the court finds that the value of Eugene White's services was negligible, and he will be ordered to turn over the $ 150 paid to him by the debtor.

■ Section 110(i)(1) of the Bankruptcy Code provides that:

If a bankruptcy case or related proceeding is dismissed because of the failure to file bankruptcy papers, including papers specified in section 521(1) of this title, the negligence or intentional disregard of this title or the Federal Rules of Bankruptcy Procedure by a bankruptcy petition preparer, or if a bankruptcy petition preparer violates this section or commits any fraudulent, unfair, or deceptive act, the bank-

---

1. "Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor." 11 U.S.C. § 110(h)(1).

ruptcy court shall certify that fact to the district court, and the district court, on motion of the debtor, the trustee, or a creditor and after a hearing, shall order the bankruptcy petition preparer to pay to the debtor—

(A) the debtor's actual damages;

(B) the greater of—

(I) $2,000; or

(ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and

(C) reasonable attorneys' fees and costs in moving for damages under this subsection.

This court finds that certification to the District Court for further action is warranted by facts evidencing Eugene White's and LAS' violations of §§ 110(c)(1), 110(f)(1) and LAS's fraudulent, unfair and deceptive acts. Specifically, the court finds Eugene White's use of an incorrect social security number and LAS' promise to furnish the debtor with legal counsel constitute, at a minimum, deceptive acts.

■ Section 110(j) of the Bankruptcy Code provides that:

(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)(A) In an action under paragraph (1), if the court finds that—

(i) a bankruptcy petition preparer has—

(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty;

(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

(III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct,

the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.

.     .     .     .     .

11 U.S.C. § 10(j)(1).

In view of the court's conclusions with regard to violations of § 110 in this case, the findings of fraudulent, unfair or deceptive conduct, as well as the existence of three other injunctions with respect to these defendants, it is clear that injunctive relief is again appropriate, and the defendants should be enjoined from acting as bankruptcy petition preparers.

For the foregoing reasons, it is hereby ORDERED that Eugene White and Lancaster Bankruptcy Center/LAS are jointly and severely liable for violations of 11 U.S.C. § 110, and further ORDERED:

—that Eugene White and Lancaster Bankruptcy Center/LAS are fined $ 500 for failure to comply with the provisions of 11 U.S.C. § 110(c)(1);

—that Eugene White and Lancaster Bankruptcy Center/LAS are fined $ 1000 for the two violations of 11 U.S.C. § 110(f)(1);

—that Eugene White and Lancaster Bankruptcy Center/LAS shall immediately turn over the $150 paid to them by the debtor;

—that it is hereby certified to the United States District Court for this district that Eugene White and Lancaster Bankruptcy Center/LAS have violated § 110 of the Bank-

ruptcy Code and committed fraudulent, unfair or deceptive acts;

—that Eugene White and Lancaster Bankruptcy Center/LAS are permanently enjoined from acting as bankruptcy petition preparers and engaging in the unauthorized practice of law in this jurisdiction and other jurisdictions within the United States.