In re Steven Edward McDANIEL, Lois Pearl McDaniel, Debtors.

Bankruptcy No. 98–51468–7.

United States Bankruptcy Court, N.D. Texas, Lubbock Division.

April 26, 1999.

---

## MEMORANDUM OF OPINION CONCERNING BANKRUPTCY PETITION PREPARER STEPHEN C. MURPHY

JOHN C. AKARD, Bankruptcy Judge.

The United States Trustee brought this action against a bankruptcy petition preparer, Stephen C. Murphy. The court finds that Mr. Murphy engaged in the unauthorized practice of law and that penalties and sanctions should be imposed.

### FACTS[1]

Stephen C. Murphy maintains an office on the ninth floor of a major office building in Midland, Texas. He persuaded the local telephone company to add a "Bank-

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A).

ruptcy Assistance" category to its yellow pages directory. In that category, he inserted an advertisement which gives his name and states "Bankruptcy Petition Preparer, Free Initial Consultation, Call for Appointment" followed by his office address and telephone number. Mr. Murphy testified that he had completed approximately thirty semester hours of courses at a community college in its criminal justice and paralegal programs. The courses included civil procedure and bankruptcy. He did not receive a degree. While in college, he had a part-time job with a Chapter 13 trustee. In addition to preparing bankruptcy petitions, he prepares income tax returns for the public and represents individuals before administrative agencies which do not require lawyer representation.

The Debtors in this case, Steven Edward McDaniel and Lois Pearl McDaniel, reside in Big Spring, Texas, which is approximately forty miles from Midland, Texas. The McDaniels suffered financial difficulties because shortly after the birth of a child, Mrs. McDaniel became disabled and was no longer able to work. She stated that they agonized over filing bankruptcy for almost a year, but finally decided they had no alternative. Apparently she called several lawyers about the cost of filing bankruptcy. In response to the yellow pages' ad, she called Mr. Murphy. Their initial conversation lasted approximately an hour. Mr. Murphy's $500 fee was less than that quoted by lawyers, so they decided to use his services.

■ They took copies of their bills and contracts to Mr. Murphy. At the initial interview, he told them that he could not give them legal advice. However, he explained to them what debts would and would not be discharged and advised them on claiming exemptions. He told them that if they "did not want to take bankruptcy against" a creditor, that the creditor could be omitted from the schedules.

Ms. McDaniel testified that she was still receiving treatment from a doctor and did not list the doctor in the bankruptcy schedules.[2] Mr. Murphy also gave the Debtors advice concerning schedules I and J, their statements of income and expenses.

Mr. Murphy had his secretary prepare the bankruptcy petition and schedules using a commercial computer program. The schedules revealed his activities as a bankruptcy petition preparer. He stated that he knew Bankruptcy Clerks would not accept checks from *pro se* debtors, so he had the Debtors pay his $500 fee in one check and give him a separate check for the $175 filing fee. He stated that he put the $175 in an escrow account and then wrote his own check to the Bankruptcy Clerk for the filing fee. He talked to the Bankruptcy Clerk in Midland, Texas and determined that the bankruptcy judge would not allow petitions filed from residents of other court districts. Midland is in the Western District of Texas; Big Spring is in the Northern District of Texas. Consequently, after the Debtors signed the petition, Mr. Murphy mailed the petition together with his check to the Bankruptcy Clerk's office in Lubbock, Texas.

Mr. Murphy attended the § 341 creditors meeting with the Debtors. He appeared in a shirt, tie, suit and with a briefcase. He sat on the front row and advised the Trustee that he had prepared the petition. He did not question the Debtors at the § 341 meeting. He stated that his purpose in attending the meeting was to assist the Debtors and to answer any questions which might come up during the course of the meeting.

At the hearing on this matter, Mr. Murphy exhibited a great deal of familiarity with court procedure. He objected to questions and took steps to secure admission of exhibits. He stated that he did not give legal advice, but rather told the

---

**2.** The bankruptcy schedules are filed under penalty of perjury. The knowing failure to

list a creditor constitutes a criminal offense under 18 U.S.C. § 152.

McDaniels and his other "clients" what was in the statutes and rules concerning bankruptcy. He made frequent use of the Bankruptcy Code during the hearing. He pointed to the fact that the McDaniels had received a discharge as evidence that his work was satisfactory. He elicited testimony from Ms. McDaniel that the Debtors were satisfied with his services. He introduced into evidence instruction sheets given to debtors by Chapter 7 trustees in the Western District of Texas and asserted that he did nothing more than pass that information on to his clients. He pointed to the fact that his fees were less than the attorney's fees which had been quoted to Ms. McDaniel.

Mr. Murphy stated that he had two large file drawers full of files on cases in which he had prepared bankruptcy petitions for debtors or had consulted with them concerning bankruptcy. He stated that if the case was beyond his ability to handle, he referred it to a lawyer. He stated that he did not handle any Chapter 13 cases and would refer people who should file Chapter 13 to a lawyer.

### STATUTE

Extensive provisions concerning bankruptcy petition preparers are contained in § 110 of the Bankruptcy Code (11 U.S.C. § 110). The portions of that section pertinent to this case are:

(a) In this section—

(1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing; and

(2) "document for filing" means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title.

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

. . . .

(g)(1) A bankruptcy petition preparer shall not collect or receive any payment from the debtor or on behalf of the debtor for the court fees in connection with filing the petition.

(2) A bankruptcy petition preparer shall be fined not more than $500 for each violation of paragraph (1).

. . . .

(j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or from further acting as a bankruptcy petition preparer.

(2)(A) In an action under paragraph (1), if the court finds that—

(i) a bankruptcy petition preparer has—

(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty.

(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

(III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct, the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.

(3) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorney's fees and costs of the action, to be paid by the bankruptcy petition preparer.

(k) Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.

## DISCUSSION AND CONCLUSIONS

■ The United States Trustee asserts that Mr. Murphy did not comply with § 110(b)(1) in that he did not sign and present the appropriate information on each document he prepared. In particular, the Trustee notes that Mr. Murphy did not sign and properly identify himself as the preparer of the bankruptcy schedules and the bankruptcy statement of financial affairs. The petition, statement of financial affairs, and schedules were all filed at the same time on December 7, 1998. The petition was signed by Mr. Murphy and contained the appropriate information. Mr. Murphy's disclosure of compensation was included in the documents filed at that time. The court finds that since all of the documents were filed at the same time, Mr. Murphy has substantially complied with § 110(b)(1). Mr. Murphy also signed and furnished the appropriate information on the Chapter 7 individual debtor's statement of intention, which was filed at the same time.

The original petition filed on December 7, 1998 contained Mr. and Mrs. McDaniel's middle initials, but did not contain their full names as required by the Official Bankruptcy Forms. The file indicates that on December 8, 1998 a Deputy Bankruptcy Clerk contacted the McDaniels and asked them to provide their middle names and copies of their drivers licenses. By letter dated December 10, 1998, Mr. Murphy forwarded to the Clerk a first page of the original petition containing the Debtors' full names and copies of their drivers licenses. In the letter, he stated that he was a bankruptcy petition preparer. He did not attach his certification to the revised first page of the petition. Although this appears to be a violation of § 110(b)(1), it was not raised at hearing and the court does not consider it in this opinion.

■ The court finds that Mr. Murphy engages in selective reading of the Bankruptcy Code. During the hearing on this matter, he referred to a number of sections of the Bankruptcy Code, including § 110. However, he stated that he was not aware of the provisions of § 110(g)(1) and acknowledged that he had violated that section. He stated that he was no longer collecting bankruptcy filing fees from debtors. The court is not persuaded by his explanation. Pursuant to § 110(g)(2) the court will levy a fine of $500 against Mr. Murphy.

■ Mr. Murphy tells his "clients" that he does not practice law, but he then pro-

ceeds to give them legal advice. He asserts that all he does is pass along to them information which is provided by the courts, which is in the Bankruptcy Code, or which is in published bankruptcy materials. He states that his clients could get the same information at a public library. But Mr. Murphy does not give information; he gives advice. He applies the statutes, rules, and information from publications to the facts of the particular case. He selected how creditors would be treated in the case, he gave advice concerning reaffirmations, and he counseled with the McDaniels concerning various matters, including the claiming of exemptions. Because the courts of the United States must be open to everyone, *pro se* litigants must be allowed in bankruptcy court. Because *pro se* litigants do not have legal expertise, the trustees and the courts are required to furnish them information and to take extra precautions in their cases which are not necessary when debtors are represented by an attorney. Mr. Murphy should not be allowed to use these extra precautions which courts take with *pro se* debtors as a way to practice law with neither appropriate training nor a law license.

The testimony at hearing showed that Mr. Murphy's services extended well beyond the preparing of a petition. He instructed the Debtors that if they received phone calls from creditors, they should refer those creditors to him. He contacted the Bankruptcy Clerks' offices in both Midland and Lubbock on behalf of the Debtors and he attended the § 341 meeting. In addition, his manner and appearance at the § 341 meeting conveyed to creditors the impression that he was an attorney.

Mr. Murphy's paralegal training does not give him a license to practice law. His advice resulted in the Debtors committing a criminal offense of knowingly omitting a creditor from their bankruptcy schedules.

Section 110(j)(3) states that the court "shall" award a trustee who brings a successful action under this section reasonable attorney's fees and costs of the action to be paid by the bankruptcy petition preparer. Therefore, the court awards the United States Trustee $1,000 for attorney's fees and expenses.

The court finds that pursuant to § 110(j)(2)(A)(i)(I) that Mr. Murphy has engaged in conduct in violation of § 110 that subjects Mr. and Mrs. McDaniel to a criminal penalty. The court further finds that under (III), he has engaged in deceptive conduct in that he has engaged in the practice of law while asserting that he was a bankruptcy petition preparer.

Mr. Murphy admitted that he regularly collected filing fees from debtors and regularly attended § 341 meetings with debtors. The evidence demonstrates that his entire operation is the practice of law without a license, rather than preparing bankruptcy petitions. Pursuant to § 110(j)(2)(B) the court finds that Mr. Murphy has repeatedly engaged in conduct in violation of § 110(j)(2)(A) and that an injunction is necessary to prevent further violations. Therefore, the court will permanently enjoin Mr. Murphy from assisting or participating in any manner, whether as a bankruptcy petition preparer or otherwise, in any bankruptcy case in the Northern District of Texas.

JUDGMENT ACCORDINGLY.[3]

---

**3.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.