# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2714

_____

In re:  Tommy A. Garrison,       *
     *
       Debtor,       *
     *
-----------------------      *
     *
Thomas Womack, Jr.,      *
     *   Appeal from the United States
       Appellant,      *   District Court for the
     *   Eastern District of Arkansas
       v.      *
     *      [UNPUBLISHED]
U.S. Trustee,      *
     *
       Appellee.      *

_____

Submitted:  January 28, 2000

Filed:  March 15, 2000

_____

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

McMILLIAN, Circuit Judge.

Thomas Womack, Jr., appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas affirming the bankruptcy court's[2] grant of injunctive relief against Womack in an adversary proceeding filed after dismissal of the underlying bankruptcy case. For reversal appellant challenges the bankruptcy court's jurisdiction and the sufficiency of the evidence. For the reasons discussed below, we affirm the judgment of the district court.

Debtor Tommy A. Garrison filed a pro se Chapter 13 bankruptcy petition in January 1996. On February 2, debtor moved to dismiss the Chapter 13 case; after a hearing, the bankruptcy court dismissed the case on February 23; and on April 3, the Chapter 13 trustee filed his final report and account with the court.

On April 26, 1996, the United States Trustee (Trustee) filed an adversary proceeding against Womack as a bankruptcy petition preparer, defined in 11 U.S.C. § 110(a)(1) as a person other than an attorney or employee of an attorney who prepares for compensation a document for filing in a bankruptcy case. The Trustee alleged that at the hearing on debtor's dismissal motion, debtor acknowledged employing Womack to prepare his bankruptcy petition and schedules; but that, in violation of 11 U.S.C. § 110(b), (c), and (h), Womack failed to sign the documents, put identifying information about himself on the documents, and prepare a declaration under penalty of perjury stating the amount of compensation he received for his services. Noting that he had filed a complaint against Womack for the same violations in another case, the Trustee requested injunctive relief and monetary sanctions. Womack moved to dismiss the adversary proceeding.

---

[1]The Honorable James Maxwell Moody, United States District Judge for the Eastern District of Arkansas.

[2]The Honorable James G. Mixon, Chief Judge, United States Bankruptcy Court for the Eastern District of Arkansas.

At the bankruptcy court's hearing on the Trustee's complaint and Womack's motion, Womack testified that debtor had sought help from the Bread From Heaven Ministry in preparing the bankruptcy petition and schedules, and that Womack "caused" the papers to be typed. After denying that he had received money, and in response to the question whether anyone else received money as a result of Womack's assistance, he testified that "[p]eople donate" to the ministry, and "[he did not] recall" how much debtor donated. The Trustee introduced into evidence a certified copy of the docket sheet in debtor's bankruptcy proceeding, which indicated there had been no discharge of the Chapter 13 trustee or closing of the case; Womack objected, stating that debtor had dismissed the case; and the court overruled the objection, stating, "The fact that he dismissed the case does not moot this proceeding[;] the case is not closed." The bankruptcy court found that Womack was a bankruptcy petition preparer and that he violated 11 U.S.C. § 110(b) and (c) by failing to sign or place his name, address, and social security number on the petition and schedules; the court permanently enjoined him from acting as a bankruptcy petition preparer and fined him $500, with payment of the fine suspended so long as Womack complied with the injunction. The district court summarily affirmed.

Title 11 U.S.C. § 350(a) directs the bankruptcy court to close a Chapter 13 case once the estate has been fully administered and the court has discharged the Chapter 13 trustee. Although the court may close the case following dismissal and the trustee's filing of the final report and account, see Fed. R. Bankr. P. 5009, we conclude that because the court clerk had not entered the closing of the case on the docket and the court had not issued a final decree, the case was still open at the time the Trustee filed his complaint. See 9 Lawrence P. King, Collier on Bankruptcy ¶ 5009.01 (15th rev. ed. 1999) (clerk "enters the closing of the case on the docket"); 9 Norton Bankruptcy Law & Practice 2d, Bankruptcy Rules, Fed. R. Bankr. P. 5009, at 309-10 (eds.' comm.) (1999-2000 ed.) ("[r]eference must also be made to Rule 3022 which states that after an estate is fully administered the court shall enter a final decree").

Bankruptcy courts have jurisdiction to "hear and determine . . . all core proceedings arising under title 11, or arising in a case under title 11" and to "enter appropriate orders and judgment." 28 U.S.C. § 157(b); see 28 U.S.C. § 1334(b) (district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11or arising in case under title 11). We conclude that the Trustee's adversary proceeding was a "core proceeding," because it was a matter "concerning the administration of the estate." See 28 U.S.C. § 157(b)(2)(A); In re McDaniel, 232 B.R. 674, 675 & n.1 (Bankr. N.D. Tex. 1999) (§ 110 claim brought by U.S. Trustee against petition preparer was core proceeding affecting administration of estate); In re Ellingson, 230 B.R. 426, 427-28 (Bankr. D. Mont. 1999) (same). Because the adversary proceeding was a "core proceeding" and the case was still open at the time the Trustee filed the adversary complaint, we conclude the bankruptcy court had jurisdiction to dispose of the complaint. See Abramowitz v. Palmer, 999 F.2d 1274, 1276 (8th Cir. 1993) (adversary proceeding which is core proceeding "falls squarely within the bankruptcy court's statutory grant of jurisdiction"); In re French Bourekas, Inc., 183 B.R. 695, 696 (Bankr. S.D.N.Y. 1995) (dismissal of Chapter 11 case does not divest bankruptcy court of jurisdiction over core proceeding to determine sanctions), aff'd, 195 B.R. 19 (S.D.N.Y. 1996). In addition, the Trustee's complaint arose "under" title 11 because the Trustee's cause of action was one created by title 11. See 1 Lawrence P. King, Collier on Bankruptcy ¶ 3.01[4][c][i] (15th rev. ed. 1999) (when cause of action is one which is created by title 11, that proceeding is one "arising under title 11"). Moreover, pursuant to 11 U.S.C. § 105(a), the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the bankruptcy code]," including § 110; and nothing in the statute governing the jurisdiction of the bankruptcy courts prohibits them from exercising jurisdiction over adversary proceedings for sanctions arising before the bankruptcy case is closed. See 28 U.S.C. §§ 157(b), 1334; cf. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393-98 (1990) (voluntary dismissal does not deprive district court of jurisdiction over Rule 11 sanctions motion); In re Kujawa, 224 B.R 104, 108 (E.D. Mo.

1998) (after dismissal of bankruptcy case, bankruptcy court was "free to impose monetary sanctions . . . for abuse of its procedures").

We also conclude that the bankruptcy court did not clearly err in finding that Womack was a bankruptcy petition preparer. <u>See</u> <u>In re Usery</u>, 123 F.3d 1089, 1093 (8th Cir. 1997) (standard of review). We believe the bankruptcy court reasonably could interpret Womack's testimony to indicate that debtor gave money to the ministry as a result of Womack's assistance, and could deem Womack to have received compensation for his services such that he was a bankruptcy petition preparer within the meaning of § 110(a)(1). <u>See</u> <u>In re Paskel</u>, 201 B.R. 511, 516 (Bankr. E.D. Ark. Sept. 17, 1996) ("statute neither requires that he personally benefit from the funds, nor permits him to hide behind another entity, even a purportedly religious or charitable one"), <u>aff'd</u>, 162 F.3d 1164 (8th Cir. 1998) (per curiam) (table); <u>cf.</u> <u>In re Brokenbrough</u>, 197 B.R. 839, 843 (Bankr. S.D. Ohio 1996) (agent of company is bankruptcy petition preparer even though monies were paid to company/principal for preparation of bankruptcy papers); <u>Johnson v. Commissioner</u>, 11 T.C.M. (CCH) 31, 35 (1952) (where petitioner advertised through mail and newspapers that he would assist foundation members in preparing tax returns, and then rendered services to persons, amounts those persons paid to foundation for services petitioner rendered constituted income to petitioner).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-