**In re David W. JOLLY, Elizabeth A. Jolly, Debtors.**

**No. 03–05990–DH.**

United States Bankruptcy Court, S.D. Iowa.

June 21, 2004.

Stephen P. Wing, Davenport, IA, for Debtors.

Gregory A. Maceau, Colorado Springs, CO, for American/Christian Lawworx & Ben Sneed.

James L. Snyder, Des Moines, IA, Assistant U.S. Trustee.

### ORDER—AMENDED MOTION FOR ASSESSMENT OF FINES AGAINST AMERICAN/CHRISTIAN LAWWORX & BEN SNEED

RUSSEL J. HILL, Bankruptcy Judge.

The United States Trustee's Amended Motion for Assessment of Fines Against American/Christian Lawworx and Ben Sneed for Violation of 11 U.S.C. § 110 came on for hearing on May 5, 2004. James L. Snyder, Assistant United States Trustee, appeared for the United States Trustee for Region 12, Habbo Fokkena. There was no appearance for American/Christian Lawworx or Ben Sneed.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 157(b)(1) & 1334 and order of the United States District Court for the Southern District of Iowa. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The court, upon review of the pleadings, evidence, and arguments of the Assistant United States Trustee, now enters its findings and conclusions pursuant to Fed. R. Bankr.P. 7052.

## FINDINGS OF FACT

1. David W. and Elizabeth A. Jolly (hereinafter "Debtors") filed a chapter 7 petition on October 7, 2003. The petition, schedules, and statements were filed without the assistance of counsel. Counsel for Debtors, Stephen P. Wing, did not enter an appearance for Debtors until December 3, 2003.

2. Debtors received a discharge on January 28, 2004.

3. On February 5, 2004, the United States Trustee filed a motion for sanctions against American/Christian Lawworx and Ben Sneed (hereinafter "Respondents").

4. On February 6, 2004, the clerk of the United States Bankruptcy Court for the Southern District of Iowa issued a notice setting the hearing on the motion for May 5, 2004, at 9:00 a.m. in the United States Courthouse in Rock Island, Illinois. [The United States Bankruptcy Court for the Southern District of Iowa is currently sitting in Rock Island, Illinois, pending reconstruction of the Federal Courthouse in Davenport, Iowa.]

5. Respondents were served with notice of the hearing by first class mail on February 8, 2004.

6. On March 5, 2004, Respondents, over the signature of Ben Sneed, President, American Lawworx, filed a letter request to continue the hearing on the motion. On the same day, the United States Trustee filed an objection to the requested continuance.

7. The telephonic hearing on the request to continue was held on March 23, 2004. At that time, attorney Gregory A. Maceau, Colorado Springs, CO., appeared telephonically on behalf of Respondents. At the conclusion of the hearing, the court denied the motion to continue; ordered Mr. Maceau to file an appearance for Respondents; and ordered the United States Trustee to amend the motion on or before March 30, 2004.

8. The United States Trustee filed the amended motion on March 29, 2004. On April 19, 2004, Respondents filed an objection to the amended motion.

9. Also on April 19, 2004, Respondents filed a motion to consolidate the hearings on this and two related motions filed by the United States Trustee. On April 21, 2004, this court entered an order summarily denying the motion to consolidate the three cases. The decision to deny the motions to consolidate was based on this court's refusal to require at least two of the debtors to travel in excess of 100 miles for the convenience of Respondents.

10. On the date set for the hearing on the motion, at approximately 8:30 a.m., this court received Respondents' Motion for Telephonic Testimony and Telephonic Appearance (hereinafter "Telephonic Motion") in Rock Island, IL. The court's copy of the Telephonic Motion indicates it was faxed to the court in Des Moines on May 4, 2004, (the day prior to the scheduled hearing) at 1:57 p.m.

11. This court will only allow telephonic appearance and testimony where there is consent by all parties. Further, this court rarely allows telephonic testimony because it is unable to observe the witness and activities taking place outside the court's presence.

12. Debtors paid Respondents $195.00 for assistance in preparing their chapter 7 Petition, Schedules, and Statement of Financial Affairs. In exchange for their payment, Debtors received the "Alpha Chapter 7 Bankruptcy Kit" (hereinafter "Kit").

13. The record reflects the Kit provides step-by-step instructions, advice, and examples of how to complete the documents for a chapter 7 bankruptcy case. The Kit counsels what is dischargeable and nondischargeable debt; reaffirmation agreements; avoiding liens; redeeming mortgaged property; the distinction between purchase money liens, possessory liens, and judicial liens; child support provisions; automatic stay; notice requirements of the Bankruptcy Code and Rules; case citations; and Bankruptcy Code citations.

14. The Kit advised Debtors about exemptions and set forth the exemptions provided in § 522 of the Bankruptcy Code. It further advises Debtors that Iowa prevents its citizens from choosing the § 522(b)(1) Code exemptions.

15. Respondents did not provide their name, address, and signatures on the petition or statement of financial affairs; they did not identify themselves by an identifying number on the petition or statement of financial affairs; and they did not disclose the fees received from Debtors.

16. On October 8, 2003, Debtors filed their application to pay the filing fees in installments. This application requires the debtors to certify that they have not paid any money or transferred any property to an attorney for services in connection with the case and that they will neither make any payment nor transfer any property for services in connection with the case until the filing fee is paid in full.

17. The application to pay filing fees in installments provides for the certification of non-attorney petition preparers that they will not accept money or any other property from the debtors before the filing fee is paid in full.

18. The application to pay filing fees in installments submitted by Debtors is blank as to any certification by a non-attorney bankruptcy petition preparer.

19. Respondents furnished the form for the application to pay filing fees in installments to Debtors. Respondents counseled Debtors by providing forms showing different methods in making periodic payments. Further, Respondents provided Debtors with a copy of an order to be used in obtaining permission to pay the filing fees in installments.

20. The order approving payment of the filing fees in installments was entered on November 6, 2003. This order provides as follows: "IT IS FURTHER ORDERED that until the filing fee is paid in full the debtor shall not pay any money for services in connection with this case, and the debtor shall not relinquish any property as payment for services in connection with this case."

### FINDING OF DEFAULT

20. The hearing on the motion for sanctions commenced at 9:12 a.m. There was no appearance by Respondents, Mr. Maceau, or any local attorney representing Respondents.

21. Respondents had been on notice of the date and time for this hearing since February 6, 2004. With such notice, Respondents' filing of the Telephonic Motion on the afternoon prior to the scheduled hearing is unconscionable. Accordingly, this court denied Respondents' motion for telephonic hearing.

22. Based on denial of the Telephonic Motion and Respondents' failure to appear or be represented at the time and place

designated for the hearing, this court finds Respondents in default for failing to appear at the time of the hearing.

### DISCUSSION

■ Resolution of this matter is governed by 11 U.S.C. § 110. As part of the Bankruptcy Reform act of 1994, Congress added § 110 to the Bankruptcy Code. The purpose of § 110 is to protect consumers from abuses by non-attorney bankruptcy petition preparers. *Consumer Seven Corp. v. United States Trustee (In re Fraga)*, 210 B.R. 812, 816–17 (9th Cir. BAP 1997). The rationale beyond the enactment of § 110 was explained in a House of Representatives report:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system.

H.R. Rep. 103–835, 103rd Cong., 2nd Sess. At 56 (Oct.4, 1994), U.S. Code Cong. & Admin.News 1994, pp. 3340, 3365: *See also In re Farness*, 244 B.R. 464, 466–67 (Bankr.D.Idaho 2000).

■ Section 110 provides the court with the authority and the responsibility to supervise the preparation of the bankruptcy documents and the fees collected for these services by non-attorneys. In order to accomplish this, the party must disclose its role in this process.

The Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1). "Person" includes individual, partnership, and corporation. 11 U.S.C. § 101(41). "Prepare" is not defined in the section.

■ The fact that the person does not place the data and numbers on the form does not excuse that person from advising the court of their participation in the process of preparing the documents for filing with the bankruptcy court. Neither does the fact that the person provides these services by computerized services excuse that person from revealing that person's role in the preparation of the documents.

■ This court concludes that "preparation" of a document includes both the physical preparation and the dictation or the determination of the information to be placed on the document by the "preparer."

■ "Document for filing" is defined in § 110(a)(2) as "a petition or any other document prepared for filing by a debtor in the United States bankruptcy court or a United States district court in connection with a case under this title." The majority of the courts that have considered the issue have held that the petition, the schedules, and the various statements constitute separate documents for the purposes of § 110. *Fessenden v. Ireland (In re Hobbs)*, 213 B.R. 207, 212 (Bankr.D.Me. 1997); *but see In re Brokenbrough*, 197 B.R. 839, 843–44 (Bankr.S.D.Ohio 1996) ("overreaching" to consider schedules and statements as multiple documents under § 110). Nothing in the Code requires that all the schedules and statements be filed with the petition. *See* Fed. R. Bankr.P. 1007(c) (permitting schedules and statements to be filed within fifteen days of the filing of the petition). Further, the majority interpretation comports with the Advi-

sory Committee Notes to the 1995 amendments to the Official Forms which state that the schedules, the statement of financial affairs, and the chapter 7 debtor's individual statement of intention are separate documents for filing. *In re Rausch,* 197 B.R. 109, 120 (Bankr.D.Nev.1996) *aff'd,* 213 B.R. 364 (D.Nev.1997) *aff'd, In re Crawford,* 194 F.3d 954 (9th Cir.1999). In fact, the Official Forms for these required documents contain specific sections for the bankruptcy petition preparer's name, address, signature, and social security number. *Id.* The court finds the majority view persuasive, and accordingly, considers Debtors' petition and statement of financial affairs separate documents.

In this case, Respondents have gone far beyond providing form documents for Debtors to complete and file. They counseled Debtors on what should be placed on the documents. They rendered advice as to what information was required and counseled Debtors as to which exemptions they could claim. Under the guidelines set forth in *Iowa Supreme Court Commission on Unauthorized Practice of Law v. Sturgeon,* 635 N.W.2d 679 (Iowa 2001), this would constitute the practice of law in the state of Iowa.

■ This court finds the record supports a finding that by specifically instructing Debtors as to the information to be provided on the documents, Respondents "prepared" Debtor's "documents." As such, Respondents are "bankruptcy petition preparers" as that term is defined in 11 U.S.C. § 110.

Having determined that Respondents are bankruptcy petition preparers under 11 U.S.C. § 110(a), this court finds Respondents are subject to fines as alleged in the motion for sanctions. Specifically, this court finds:

■ In the first request for relief, the United States Trustee alleges that by failing to provide Respondents' name, address and signature on Debtors' petition, Respondents violated the provisions of 11 U.S.C. § 110(b). Respondents have violated this provision as alleged in the motion. Accordingly, as provided by statute, Respondents, jointly and severally, should be fined the amount of $500.

■ In the second request for relief, United States Trustee alleges that by failing to provide Respondents' identifying number(s) on Debtor's petition, Respondents violated the provisions of 11 U.S.C. § 110(c)(1). Respondents violated this provision as alleged in the motion. Accordingly, as provided by statute, Respondents, jointly and severally, should be fined the amount of $500.

■ In the third request for relief, the United States Trustee alleges that by failing to provide Respondents' name(s), address(es) and signature(s) on Debtors' statement of financial affairs, Respondents violated the provisions of 11 U.S.C. § 110(b). Respondents have violated this provision as alleged in the motion. Accordingly, as provided by statute, Respondents, jointly and severally, should be fined the amount of $500.

■ In the fourth request for relief, the United States Trustee alleges that by failing to provide Respondents' identifying number(s) on Debtors' statement of financial affairs, Respondents violated the provisions of 11 U.S.C. § 110(c)(1). Respondents have violated this provision as alleged in the motion. Accordingly, as provided by statute, Respondents, jointly and severally, should be fined the amount of $500.

■ In the fifth request for relief, the United States Trustee alleges that by failing to file a declaration under penalty of

perjury disclosing fees received from Debtors in this case, Respondents violated provisions of 11 U.S.C. § 110(h)(1). Respondents have violated this provision as alleged in the motion. Accordingly, as provided by statute, Respondents, jointly and severally, should be fined the amount of $500.

■ In the sixth request for relief, the United States Trustee alleges that the $195.00 fee charged by Respondents is excessive in light of the services rendered. The record before this court supports a finding that Respondents' fee is excessive. Specifically, this court finds that by failing to appear at the hearing and failing to present any evidence, Respondents have failed to furnish any support for the amount charged. Thus, Respondents have failed to justify such fee in this case. Accordingly, as provided by 11 U.S.C. § 110(h)(2), this court finds that no compensation should be allowed to Respondents and the fee of $195.00 should be refunded to Debtors.

■ In the seventh request for relief, the United States Trustee alleges that Respondents have engaged in the unauthorized practice of law as defined by the Iowa Supreme Court. The record before this court supports a finding that Respondents appear to have engaged in the unauthorized practice of law in this state. Accordingly, this court sustains the seventh request for relief and directs that the United States Trustee refer this matter to the Iowa Supreme Court Commission on the Unauthorized Practice of Law for action as that commission deems appropriate.

**IT IS ACCORDINGLY ORDERED**, as follows:

1. That Respondents be fined $500.00 per violation, as alleged in counts 1—5, for a total of $2,500.00, for violations of 11 U.S.C. § 110. This fine shall be paid to the office of the United States Trustee within twenty (20) days of the filing of this order.

2. The amount charged for Respondents' services is excessive as alleged in count 6 and $195.00 shall be refunded to Debtors within twenty (20) days of the filing of this order.

3. United States Trustee shall refer this matter to the Iowa Supreme Court Commission on the Unauthorized Practice of Law for action as that commission deems appropriate.