In re Thomas Ray WOODWARD, Debtor.

No. 04–02290.

United States Bankruptcy Court, N.D. Iowa.

Sept. 1, 2004.

Thomas Ray Woodward, Wyoming, IA, pro se.

## ORDER RE U.S. TRUSTEE'S MOTION FOR SHOW CAUSE HEARING RE: PETITION PREPARER

PAUL J. KILBURG, Chief Judge.

This matter came before the undersigned on August 25, 2004. The U.S. Trustee was represented by attorney John Schmillen. Gary Culver appeared without counsel. After hearing evidence and arguments, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

U.S. Trustee asserts Gary Culver acted as a bankruptcy petition preparer but did not comply with disclosure requirements. He seeks sanctions for Mr. Culver's failure to comply with 11 U.S.C. § 110. Mr. Culver denies he is a "petition preparer."

### FINDINGS OF FACT

Debtor Thomas Woodward filed his Chapter 7 petition on June 9, 2004. On that date, the Bankruptcy Clerk's Office sent Debtor notice that the petition was deficient in that old forms were used and Exhibit "C" was omitted. Debtor was directed to correct these deficiencies within 6 business days or the case could be dismissed. Debtor has not responded.

The block on Debtor's petition form for "Signature of Attorney" is empty, as is the block for "Signature of Non–Attorney Petition Preparer." Three other instances in Debtor's Petition, Statements and Schedules which request information about and the signature of petition preparers are also blank.

At the hearing, U.S. Trustee submitted Exhibit 1 which is a statement signed by Debtor and dated 7/6/04, the date of Debtor's § 341 meeting. The statement discloses that Gary Culver of Wyoming, IA assisted Debtor in preparing his bankruptcy documents. Debtor was charged and has paid $350 for Mr. Culver's services. Debtor answers "yes" to questions regarding whether Mr. Culver assisted him with determining exemptions, answered questions in Debtor's bankruptcy papers, explained the different types of bankruptcy, and suggested what property Debtor should claim as exempt.

At the hearing, Gary Culver testified that Debtor should have answered these questions "no". He stated he considers himself merely a typist, not a petition preparer. Mr. Culver acknowledged that he charged Debtor $350 for typing the bankruptcy papers. He testified that he had purchased the bankruptcy forms at an office supply store some time ago when someone else he knew was thinking about filing a bankruptcy petition. He has typed a bankruptcy case for one other person, more than five years ago.

Mr. Culver denied giving Debtor any legal advice. He testified that Debtor requested that he type his bankruptcy papers and Debtor provided all the information to be typed. Mr. Culver stated that it took a long time to type the papers, perhaps 15 to 20 hours. Debtor and Mr. Culver went through the forms together. They may have discussed what to put down. Mr. Culver looked up the section of the Iowa Code for claiming an exemption on Schedule C.

During questioning, Mr. Culver stated that he does not recall noticing the places on the forms requesting disclosure of a petition preparer. He testified that if he had noticed, he would have felt it didn't apply to him as he was merely a typist, not a "preparer". Mr. Culver stated he thought

Debtor chose where to list debts on the schedules. Upon questioning, he testified he probably discussed this with Debtor, and "I might have told him what goes on which form, I don't recall."

Debtor has not contacted Mr. Culver since the petition was filed. Mr. Culver testified he was not aware the case was subject to dismissal for failure to cure deficiencies in the forms and he did not know the forms he typed were outdated. He stated that he was surprised Debtor had not contacted him to ask about the notice of deficient forms.

Mr. Culver questions the validity of Exhibit 1. He stated it doesn't look like Debtor's handwriting except for the signature. He asserts that Debtor was not qualified to make the legal determinations in the questionnaire, and it should be considered null and void. Mr. Culver stated that he has shown cause that he has not violated anything and he offered to sign the Debtor's documents as petition preparer now. He testified that his belief at the time was that a typist is different than a preparer.

## CONCLUSIONS OF LAW

The U.S. Trustee asserts Mr. Culver failed to comply with disclosure requirements set out in § 110(b)(1), (c)(1) and (h)(1) and seeks sanctions under related portions of § 110. Section 110 states, in pertinent part:

(a) In this section—

(1) "bankruptcy petition preparer" means a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing;

. . .

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

. . .

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

(2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

. . .

(h)(1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

(2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).

11 U.S.C. § 110.

In 1994, Congress enacted § 110 of the Bankruptcy Code which sets standards for bankruptcy petition preparers, and provides penalties for the failure to meet such

standards. The House Report explained the rationale for § 110:

> Bankruptcy petition preparers not employed or supervised by any attorney have proliferated across the country. While it is permissible for a petition preparer to provide services solely limited to typing, far too many of them also attempt to provide legal advice and legal services to debtors. These preparers often lack the necessary legal training and ethics regulation to provide such services in an adequate and appropriate manner. These services may take unfair advantage of persons who are ignorant of their rights both inside and outside the bankruptcy system. H.R.Rep. No. 103–384, at 40–41 (1994).

*In re Farness,* 244 B.R. 464, 466–67 (Bankr.D.Idaho 2000).

■ Section 110 only permits a bankruptcy petition preparer to "type" dictated or handwritten documents that have been prepared by the debtor. *In re Guttierez,* 248 B.R. 287, 299 (Bankr.W.D.Tex.2000). The key to § 110 is that a petition preparer may provide typing services, but may not in the guise thereof advise debtors of their rights and options or otherwise engage in the practice of law. *Farness,* 244 B.R. at 467; *see, e.g. Iowa Supreme Court Comm'n v. Sturgeon,* 635 N.W.2d 679, 684 (finding bankruptcy petition preparer's services went far beyond the role of a scrivener and constituted unauthorized practice of law). Petition preparers can perform only the modest service of transcribing or typing bankruptcy forms that the debtors alone must prepare without assistance. *In re Bush,* 275 B.R. 69, 84 (Bankr.D.Idaho 2002). They may provide copies of official bankruptcy forms if necessary, since they are public documents, but may not provide any guidance as to how to fill out the forms. *In re Moffett,* 263 B.R. 805, 814–15 (Bankr.W.D.Ky.2001).

■ A non-attorney who prepares documents in exchange for compensation is subject to the affirmative obligations set out in § 110. *In re Paskel,* 201 B.R. 511, 515 (Bankr.E.D.Ark.1996). Bankruptcy petition preparers must identify themselves, place their names, addresses and social security numbers on the bankruptcy petition, and file a declaration disclosing the fee paid. *Id.;* 11 U.S.C. § 110(b)(1), (c)(1), (h)(1). The court may sanction the petition preparer for each violation and disallow fees. *Id.*

■■ Under § 110(b)(1), petition preparers must sign documents they prepare and print their names, addresses. Under § 110(c), they must disclose their social security number on each document they prepare. The petition, schedules and statement of affairs each constitute separate documents. *In re Jolly,* 313 B.R. 295, 300–01 (Bankr.S.D.Iowa 2004). The preparer may be fined up to $500 for each violation. *Id.* at 301–02; 11 U.S.C. § 110(b)(2), (c)(3). Fines are unnecessary only when the failure to comply with these subsections is due to reasonable cause, such that the violation is unavoidable through no fault of the violator. *Paskel,* 201 B.R. at 518.

■ Under § 110(h), petition preparers must disclose under penalty of perjury any fee received from a debtor and unpaid fees charged. Such fees are subject to a reasonableness inquiry by the Court. *In re Paysour,* B.R., 313 B.R. 109, 117–18 (Bankr.E.D.N.Y.2004); 11 U.S.C. § 110(h)(2). The burden of proving the reasonableness of a fee collected by a bankruptcy petition preparer rests upon the petition preparer. *In re Graham,* 2004 WL 1052963, at *9 (Bankr.M.D.N.C. Feb.13, 2004). Where a petition preparer's services accomplish little benefit, harm the debtor or put the discharge at risk, the

services have no value or a negative value and no fees are allowed. *Paysour*, 313 B.R. at 117–18.

## CONCLUSIONS

■ Based on the foregoing, Mr. Culver's attempts to distinguish between being a "mere typist" and being a petition preparer are unavailing. A bankruptcy petition preparer under § 110 is limited to merely typing documents for debtors. The Court finds Mr. Culver acted as a bankruptcy petition preparer when he typed Debtor's petition, schedules and statement of affairs.

■ As a petition preparer, Mr. Culver had the obligation to disclose his name, address and social security number, and to sign the documents he typed for Debtor. He is subject to a fine of up to $500 for each violation. As identified by the U.S. Trustee, there are four places on Debtor's documents which call for these disclosures and signatures by Mr. Culver, a evidenced on pages 2, 3, 13 and 29 of U.S. Trustee's Exhibit 2. The Court calculates that Mr. Culver could be fined up to $2,000 for the four violations under § 110(b)(2) (signature, name and address), plus up to $2,000 for four violations under § 110(c)(3) (social security number). The Court, in its discretion, concludes that a fine of $1,000 is appropriate in these circumstances.

■ As to the fee of $350 which Debtor paid to Mr. Culver, the Court concludes this entire fee is unreasonable. Mr. Culver typed Debtor's documents on outdated forms. The Clerk's office has notified Debtor that Exhibit "C", which is not included in the outdated forms, is missing. The notice states that this deficiency must be cured or the case is subject to dismissal, which precludes the entry of Debtor's discharge. Because Mr. Culver's typing services in preparing Debtor's schedules have no value, Mr. Culver's fees are disal-lowed and must be turned over to Trustee in full.

**WHEREFORE,** Gary Culver acted in the capacity of a bankruptcy petition preparer when he typed Debtor's bankruptcy documents.

**FURTHER,** the Court imposes a total fine of $1,000 for Mr. Culver's violations of § 110(b) and (c).

**FURTHER,** Mr. Culver's services had no value to Debtor and are disallowed in full.

**FURTHER,** Mr. Culver is ordered to turn over to Trustee Sheryl Schnittjer $350, representing the fee Debtor paid to Mr. Culver.

**FURTHER,** the Court orders Mr. Culver to pay the $1,000 fine and the $350 in disallowed fees to Trustee Sheryl Schnittjer on or before September 15, 2004.