KLEINFELD, Circuit Judge:
 

 The United States Trustee,. Stanley, sought disgorgement of payments previously received by appellee, McCormick, Barstow, Sheppard, Wayte & Carruth, counsel for the former debtor in possession, because the estate did not have enough money to pay all the administrative expenses. The bankruptcy judge denied the motion. The United States Trustee timely filed an appeal with the district court.
 

 The district court dismissed the appeal on the ground that the United States Trustee lacked standing. The judge’s theory was that the creditors who might arguably be benefitted by the disgorgement had expressed no interest. The trustee,
 
 *930
 
 Stanley, timely appealed the decision holding that she did not have standing.
 

 11 U.S.C. § 307 states that “The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to section 1121(c) of this title.”
 
 [3]
 
 Title 11 governs bankruptcy. The United States trustee may be heard on any issue in any case or proceeding under title 11. The case at bar was a proceeding under title 11. Therefore the trustee had standing to appeal the bankruptcy court’s denial of her motion. The United States trustee “may also intervene and appear at any level of the proceedings from the bankruptcy court on, 11 U.S.C. § 307, as either a party or an ami-cus.”
 
 [4]
 
 Accordingly, the United States Trustee had standing to appeal to the district court.
 

 REVERSED and REMANDED for further proceedings.
 

 [3]
 

 . 11 U.S.C. § 307.
 

 [4]
 

 .
 
 Bernard v. Coyne,
 
 31 F.3d 842, 844 (9th Cir.1994);
 
 see also Angelo v. Victoria Farms, Inc.,
 
 38 F.3d 1525, 1535 (9th Cir.1994) (United States trustee has standing to bring appeals).