In re Kurt Miller WASSENAAR,
Debtor.

Louis Simons, et al., Appellants/Cross–
Appellees,

v.

Kurt Miller Wassenaar, Appellee/Cross–
Appellant.

Bankruptcy No. 6–99—01042.
Adversary No. 99–00063A.
Civ.A. Nos.3:01–CV–0005, 3:01–CV–0006.

United States District Court,
W.D. Virginia,
Charlottesville Division.

Sept. 28, 2001.

Robert P. Hodous, Charlottesville, VA, for Louis Simons.

Kevin R. Huennekens, Kutak Rock, LLP, Richmon, VA, for appellants.

Bruce Howard Matson, LeClair Ryan, P.C., Richmond VA, for Kurt Miller Wassenaar.

James Gordon Cosby, Office of the U.S. Trustee, Roanoke, VA, for W. Clarkson United States Trustee, Jr.

## MEMORANDUM OPINION

MOON, District Judge.

This case comes before the District Court on appeal from the Bankruptcy Court, largely on the issue of attorney's fees. Appealing the Bankruptcy Court's ruling are Louis Simons, Kenneth R. Lape, P. Scott Morrill, John A. Stalfort, II, ("the partners"), and River Road Commercial Development Partnership, L.L.P., ("River Road"). Appellee Kurt M. Wassemaar has filed a cross-appeal. The United States Trustee, W. Clarkson McDow, Jr., has filed a brief as Appellee.

■ In bankruptcy appeals, a district court reviews *de novo* a bankruptcy court's rulings on questions of law. *In re Southeast Hotel Properties Limited Partnership*, 99 F.3d 151, 154 (4th Cir.1996). The bankruptcy's court's findings of fact, however, "shall not be set aside unless clearly erroneous." Bankruptcy Rule 8013. With the appropriate standard of review in mind, and for the reasons set forth below, the ruling of the Bankruptcy Court is affirmed.

I.

While the focus of this appeal is on attorney's fees, three other questions are presented for the Court to consider. Appellants claim that the Bankruptcy Court erred in that: 1) it excluded from evidence the March 20, 1998 letter from S. Miles Dumville to Robert P. Hodous; 2) it "ignored" the testimony of Howard Beck; 3)

it permitted the United States Trustee to be heard in this matter. A finding for the Appellants on any of these three questions could result in the case being remanded to the Bankruptcy Court, making the consideration of attorney's fees unwarranted at this time. Therefore, the Court will consider these questions first, and then turn to the matter of attorney's fees if necessary.

■ The Bankruptcy Court excluded from evidence a letter, dated March 20, 1998. Appellants first argue that Wassenaar failed to timely object to the letter as evidence, noting that the letter was attached to an earlier motion of Appellants. However, no attempt was made to formally enter the letter as evidence until the May 31, 2000 hearing. Appellee's objection at the hearing, therefore, was timely. This timely objection was then correctly sustained. The letter, at most, relates to Mr. Wassenaar's liability. However, his liability has already been determined, which is why the Court is now considering the question of attorney's fees. The letter was therefore properly excluded as irrelevant.

Second, Appellants allege that the Bankruptcy Court "ignored" the testimony of their expert witness, Howard Beck. Bankruptcy Rule 8013 makes it clear that "due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Therefore, unless there is evidence of clear error, the bankruptcy court's findings of fact must be upheld. The record contains no evidence whatsoever that the Bankruptcy Court abused its discretion in weighing Mr. Beck's testimony. Appellants appeal on this point is denied.

■ Third, Appellants contend that the Bankruptcy Court erred in allowing the United States Trustee to participate in this matter. The grant of authority to the United States Trustee is broad. The statute provides that the Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title...." 11 U.S.C. § 307. Other courts, considering the reach of Section 307, have concluded that the United States Trustee's public interest duties under the Code give the Trustee standing in a wide variety of bankruptcy cases. *In re Columbia Gas Systems, Inc.,* 33 F.3d 294, 296 (3rd Cir. 1994); *In re Donovan Corp.,* 215 F.3d 929, 930 (9th Cir.2000). *See, e.g., Scott v. United States Trustee,* 133 F.3d 917, 1997 WL 787128 (4th Cir.1997) (unpublished opinion). The question in this case is whether creditors' attorney's fees should be charged as an administrative expense to the bankruptcy estate. While this issue focuses on the state-law question of awarding attorney's fees, the federal bankruptcy issue remains. The United States Trustee's interest is plain: to ensure the proper management of Kurt Wassenaar's debts. The Bankruptcy Court, therefore, properly allowed the Trustee to participate in this case.

## II.

Having considered the three preliminary issues, the Court now turns its attention to the award of attorney's fees. Appellants raise several issues on this question. Specifically, Appellants claim that the Bankruptcy Court erred in that: 1) it ruled that a fraudulent conveyance is not fraud for the purposes of awarding additional attorney's fees under Virginia law; 2) it did not order the immediate payment of all of Appellants' attorney's fees; and 3) it deemed a portion of Appellants' request for fees unreasonable and unrecoverable. Additionally, Mr. Wassenaar files a cross-appeal, arguing: 1) that VA.CODE ANN. § 55–82 does not authorize any award of attorney's fees whatsoever in this case;

and 2) that, in any event, an award of attorney's fees is premature at this time.

### A. Is a "Fraudulent Conveyance" Equivalent to "Fraud" for the Purpose of Awarding Attorney's Fees Under Virginia State Law?

 Appellants were awarded attorney's fees under VA. CODE ANN. § 55–82, which allows for the recovery of fees in any case where a fraudulent conveyance has been declared void. Appellants argue that they are entitled to additional attorney's fees, beyond what the statute allows. Under Virginia law, a court is generally prohibited from awarding attorney's fees to a prevailing party, absent a statutory or contractual provision to the contrary. *Prospect Development Co., Inc. v. Bershader.* 258 Va. 75, 515 S.E.2d 291, 300–01 (1999); *Gilmore v. Basic Industries, Inc.,* 233 Va. 485, 357 S.E.2d 514, 517 (1987). There are, however, exceptions to this rule. In *Bershader,* the Supreme Court of Virginia ruled that a chancellor in equity, in his discretion, may award attorney's fees to a prevailing party in a fraud suit. 515 S.E.2d at 301. In deciding whether to award attorney's fees, a court "must consider the circumstances surrounding the fraudulent acts and the nature of the relief granted to the defrauded party." *Id.* Appellants claim that a fraudulent conveyance is fraud under Virginia law, and that they qualify for consideration under *Bershader.*

While no Virginia case has addressed the specific question of whether *Bershader* applies to a case of fraudulent conveyance, Virginia law does hold that fraud is not equivalent to fraudulent conveyance. In *Cheatle, et al., v. Rudd's Swimming Pool Supply Co., Inc.,* 234 Va. 207, 360 S.E.2d 828 (1987), the Supreme Court of Virginia distinguished the two claims, observing:

> The wrong of fraud and deceit requires an intentional, knowing misrepresentation by the defendant of a material fact upon which the plaintiff has relied to his detriment. [The plaintiff] has not established the essential elements of that wrong.... [The plaintiff's] argument, at most, amounts to an assertion that a fraudulent conveyance occurred....

*Id.* at 831–32 (citations omitted). The Western District of Virginia has previously recognized *Cheatle* as standing for this proposition. *See APAC–Virginia, Inc. v. Jenkins Landscaping & Excavating, Inc.,* 93 B.R. 84, 86–87 (1988) (Michael, J., presiding). In short, common-law fraud and fraudulent conveyance under § 55–80 are distinct causes of action.

The question remains, however, whether *Bershader* was intended to apply only to cases of common-law fraud, or whether it could be applied more broadly to cases of fraudulent conveyance. In *Bershader,* the trial court awarded attorney's fees to plaintiffs who had proven both actual and constructive fraud. The defendants appealed, alleging that Virginia law only permitted an award of attorney's fees when provided for by statute or contract. 515 S.E.2d at 300. The Supreme Court of Virginia agreed with the defendants' on this point, but determined that as a matter of equity, plaintiffs were entitled to attorney's fees. *Id.* at 300–01. The court then recognized an additional exception to the Virginia rule, and allowed for the recovery of fees by plaintiffs' in common-law fraud actions.

An important factor in the court's reasoning was that "had the chancellor failed to award attorney's fees to the Bershaders, their victory would have been hollow...." *Id.* at 301. That is, had the Bershaders been able to obtain attorney's fees under § 55–82 or some other statute, the Supreme Court of Virginia would not

have been compelled to create a new route to attorney's fees. This case is distinct from *Bershader* on this critical point. Appellants are able to find some relief from § 55–82. They do not need the court's equitable assistance. *Bershader* does not apply.[1]

### B. Did the Bankruptcy Court Err in Determining the Manner in Which Attorney's Fees Would be Payed Under § 55–82?

■ Appellants argue that the Bankruptcy Court disallowed their recovery of attorney's fees under § 55–82 at this time. This is not the case. The court did allow the fees, as mandated under Virginia law. Section 55–82 states that in the case of a fraudulent conveyance, the conveyance "shall be declared void, [and] the court shall allow counsel for the creditors a reasonable attorney's fee to be paid out of the proceeds of the sale as other costs are paid provided the attorney's fee does not affect a prior lien creditor not represented by such attorney." That is, the statute contemplates a sale of the fraudulently conveyed asset, but it does not mandate it. Instead, it only requires that the transfer be voided, and that attorney's fees be paid.

In this case, the Bankruptcy Court did not order the immediate sale of the fraudulently conveyed assets. Instead, it ruled that fees would be paid in installments, according to the court's plan of reorganization for the debtor. In addition, Appellants have been given a lien on the fraudulently conveyed assets, so that if Mr. Wassenaar fails to make timely payments of the attorney's fees, or if the total payments do not cover the full attorney's fee

award, then Appellants are entitled to have those assets sold. Such a ruling complies with the requirements of Virginia law, and comports with the United States Bankruptcy Court's role to ensure both that creditors are paid and that debtors obtain a fresh start.

### C. Did the Bankruptcy Court Abuse its Discretion in Determining the Amount of Attorney's Fees to be Awarded?

■ Appellants make additional claims for attorney's fees on a variety of theories. Essentially, they argue that the Bankruptcy Court erred in finding certain requested fees excessive and unrecoverable. As the court's findings on these matters were findings of fact, they are reviewed for abuse of discretion. This Court finds that the Bankruptcy Court did not abuse its discretion.

The Bankruptcy Court, after studying Appellants' submitted time sheets, refused to provide Appellants with all of their requested attorney's fees. The court determined, for example: 1) that some legal research was excessive (especially for attorney's with considerable experience in state-court practice, where this action began); 2) that other fees were incurred before the civil action was filed in court and were simply the normal collection activities of a creditor; and 3) that some fees were not related to the fraudulent conveyance action, and therefore unrecoverable under § 55–82. For these and other similar reasons, the Bankruptcy Court limited that amount of fees that Appellants could recover. These explanations are not an

---

1. *Bershader* leaves it to the trial court's discretion to determine if attorney's fees should be awarded in a fraud case. In the present situation, where a separate request for attorney's fees under § 55–82 was granted, it would be within a bankruptcy court's discretion to rule that additional attorney's fees were not merited, even if this case were one of common-law fraud.

abuse of discretion, and are therefore upheld.

### C. Did the Bankruptcy Court Err in Determining that Any Attorney's Fees Were Recoverable Under § 55–82?

■ Appellee Wassenaar has filed a cross-appeal, arguing that Appellants do not qualify for any attorney's fees under Virginia law. Under § 55–82 an award of reasonable attorney's fees is mandatory. The statute mandates that "the court *shall* allow counsel for the creditors a reasonable attorney's fee." (Emphasis added). Appellee first claims, however, that such an award is not available on an "already obtained" judgment. To support this contention, Appellee cites to a single Virginia Circuit Court case from Fairfax County, *Oakton Cloisters Homeowners Assoc. v. Linderman*, 1991 Va.Cir. LEXIS 239 (1991). *Linderman*, however, does not support the result that Wassenaar seeks. In that case, a homeowners association obtained a default judgment against a resident for failure to pay his association fees. After obtaining a judgment, the homeowners association began a second suit to set aside a fraudulent conveyance. The court ruled that because the first suit had already satisfied the aims of § 55–82, attorney's fees were not warranted for the second suit. *Linderman* therefore does not apply to the present case, where the underlying claim *is* to set aside a fraudulent conveyance.

In addition, Wassenaar claims that § 55–82 only permits an award of attorney's fees where the underlying asset has been sold. Since Wassenaar has been spared this result by the Bankruptcy Court, he claims that he should also be able to avoid paying Appellants' attorney's fees. As explained above, § 55–82 may contemplate the sale of fraudulently conveyed assets, but it does not require it. In this case, out of a desire to assist the debtor, the Bankruptcy Court did not force the sale of all of his assets. Instead, it permitted Wassenaar to pay attorney's fees in installments, giving Appellants a lien on his property to ensure payment. Accepting Appellee Wassenaar's argument would inevitably lead to a harsher result for Appellee himself. Since § 55–82 obligates a court to award attorney's fees, taking Wassenaar's argument to its logical conclusion would result in the forced sale of his assets and the immediate payment of attorney's fees. Because this Court believes that the Bankruptcy Court struck the proper balance between creditor's and debtor's rights, Appellee's cross-appeal is denied.

### E. Was the Award of Attorney's Fees Under § 55–82 Premature?

■ Mr. Wassenaar also argues that an award of attorney's fees is premature, because the Bankruptcy Court has not determined if the underlying claims are allowable under the court's reorganization plan. The Bankruptcy Court, however, has already determined that Wassenaar is liable for the fraudulent conveyance. All that is left to determine is the exact amount of the claim. The time is ripe, therefore, for the consideration of attorney's fees.

### III.

For the reasons explained above, the ruling of the Bankruptcy Court is affirmed in its entirety. The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to strike this case from the docket of this Court.

### ORDER

This case comes before the District Court on appeal from the Bankruptcy

Court, largely on the issue of attorney's fees. For the reasons set forth in the attached memorandum opinion, the ruling of the Bankruptcy Court is affirmed. It is hereby ORDERED and ADJUDGED that the Bankruptcy Court:

1. correctly excluded from evidence the March 20, 1998 letter from S. Miles Dumville to Robert P. Hodous;

2. correctly permitted the United States Trustee to be heard in this matter;

3. did not abuse its discretion in weighing the testimony of Howard Beck;

4. correctly ruled a fraudulent conveyance is not fraud under Virginia law for purposes of awarding attorney's fees in addition to those permitted under VA.CODE ANN. § 55–82;

5. did not abuse its discretion in determining the amount of attorney's fees to be awarded in this matter.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record and to strike this case from the docket of this Court.